■ NICHOLAS M. JACKSON, Respondent, v LONG ISLAND LIGHTING COMPANY, Appellant, et al., Respondent. (And Four Other Actions.) LONG ISLAND LIGHTING COMPANY, Third-Party Plaintiff-Appellant-Respondent, v LONG ISLAND RAIL ROAD, Third-Party Defendant-Respondent-Appellant.—In a third-party action for indemnity or, in the alternative, for contribution, third-party defendant Long Island Rail Road (LIRR) appeals from stated portions of an order of the Supreme Court, Nassau County, dated February 23, 1977, which, *inter alia,* denied its motion to dismiss the third-party complaint. Order modified, by adding to the decretal paragraph thereof, after the words: "Motions to dismiss are denied", the following: "except as to the second cause of action asserted in the third-party complaint, which cause of action is dismissed for failure to state a cause of action." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Third-party plaintiff is directed to serve all prior pleadings in the main actions not already served upon the third-party defendant upon that party within 20 days of entry of the order to be made hereon. Plaintiffs in the main actions suffered personal injuries and property damage when a

Long Island Lighting Company (LILCO) gas main exploded at premises located in New Hyde Park, New York. Thereafter they commenced separate actions against LILCO grounded in negligence. LILCO commenced a third-party action against LIRR, alleging that the latter's failure to inspect and maintain its tracks permitted stray DC currents to escape, thereby causing or contributing to the gas main explosion. The third-party action was commenced one year after the commencement of the first of the main actions. LILCO admits that it did not, pursuant to CPLR 1007, serve copies of the answers served in the main actions when it commenced the third-party action. These are not jurisdictional defects (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1007:9, p 42). The third-party plaintiff should be permitted to correct its failure to serve all prior pleadings (see CPLR 2001). LILCO also did not serve a note of issue (see CPLR 3402, subd [b]), but a motion to dismiss is not the proper remedy when a party fails to serve a note of issue. The proper remedy is for the third-party defendant to move to strike the case from the Trial Calendar (see *Dekarolis v Enterprise Cabinet Co.,* 231 App Div 841). We do not consider a period of one year from the commencement of the first of the main actions to the commencement of the third-party action an "inordinate delay". A cause of action for indemnity does not accrue until the third-party plaintiff actually satisfies the plaintiff's judgment. Once there is satisfaction, the third-party plaintiff has six years in which to commence an action for indemnity (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1007:10, p 43). *Musco v Conte* (22 AD2d 121) indicates that a delay of one year under these circumstances is not a ground for dismissal. The third-party complaint's first cause of action states a cause of action for negligence. However, we are of the opinion that the agreement between LILCO and LIRR does not form an independent basis of liability for indemnity. Upon the argument, LILCO so conceded. The second cause of action should have been dismissed for failure to state a cause of action. We further note that LILCO has withdrawn its main appeal. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.