STATE OF NEW YORK, Respondent, v JOAN MONASTERO, Appellant.

Third Department, June 29, 1978

### APPEARANCES OF COUNSEL

*Bryan D. Hetherington* for appellant.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

It is undisputed that the defendant has been in default on payment of a student loan for several years and the sole issue raised on this appeal is whether or not the amount due automatically accelerated to the total of the loan upon a default by the defendant in making the first required annual payment.

The pertinent language of the note is as follows: "(6) In the event default shall be made in the payment of any annual installment of principal or interest as the same becomes due as herein provided, then and in that case the whole of the

principal sum then remaining due and unpaid together with interest thereon shall forwith *[sic]* become due and payable and shall at once be paid."

The language is unambiguous and the quoted portion of the note unequivocally accelerates the amount due upon a default. Nevertheless, it is contended that, as a matter of law, the lender retained the *option* not to have the entire amount due upon a default. Undoubtedly a lender always has the option of letting a debtor make partial payments of the entire indebtedness. The arguments are centered on the contract itself. It should be observed that any contention that engrafting an "option" on the otherwise unequivocal language could favor a debtor by precluding an acceleration if he paid before exercise of the option is not entirely persuasive. The mere fact that the entire amount becomes presently due does not mean that the lender must then collect the same or preclude a refinancing.

Since the overriding concern in this case is the Statute of Limitations, the question should properly be directed to its application to this particular lending agreement.

In the recent case of *State of New York v Wilkes* (41 NY2d 655, 659), the court noted in regard to transactions like the present one: "this loan agreement is not a commercial transaction." It is apparent that the present instrument is subject to several contingencies, all of which are in the sole control of the borrower and within his peculiar and particular knowledge. To permit a discharge of loans such as this upon a running of the contract Statute of Limitations would be out of harmony with the purpose of the acts which is to bring finality to rights and duties once they have accrued or the parties involved could reasonably know they have accrued. Giving due consideration to the *Wilkes* case, we find that as against the debtor-student borrower, the Statute of Limitations does not run until the lender has been advised by the student that payments are due the lender under the provisions of the note.

Accordingly, the instant action was timely commenced regardless of the acceleration clause.

The order should be affirmed, with costs.

SWEENEY, J. P., STALEY, JR., LARKIN and MIKOLL, JJ., concur.

Order affirmed, with costs.