■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v HARRY G. ROBBINS, Appellant.—Appeal from an order and judgment of the Supreme Court at Special Term, entered October 17, 1979 in Albany County, which granted summary judgment in favor of plaintiff in the amount of $4,370.98 and denied defendant's cross motion to dismiss the complaint. While defendant was a student at Long Island University, he filed applications with plaintiff's predecessor, the New York State Higher Education Assistance Corporation (NYHEAC) for guaranteed student loans for the 1967-1968, 1968-1969 and 1969-1970 academic years. NYHEAC approved the loan applications and guaranteed loans from the Dime Savings Bank of Brooklyn to defendant in the amount of $1,000 for each of the three academic years. Defendant executed an interim promissory note dated August 7, 1969, in which he agreed to pay $3,000, with interest, to the Dime Savings Bank. Defendant failed to repay the loan and Dime Savings Bank demanded payment of the loan by NYHEAC on February 9, 1973. Pursuant to the demand, NYHEAC paid $3,055.34 to the Dime Savings Bank on May 4, 1973. Plaintiff commenced an action for reimbursement of the money paid to Dime Savings Bank, plus interest, by personal service of a summons on defendant on January 15, 1979, in Florida. Defendant in his answer to the complaint alleged, among other defenses, that the cause of action was barred by the six-year Statute of Limitations. Special Term ruled against defendant and granted judgment in favor of the plaintiff. This appeal ensued. We must affirm. Defendant's prime contention is that the plaintiff's action is barred by the Statute of Limitations. This defense is premised on the erroneous assumption that plaintiff's cause of action accrued on the maturity of the promissory note to the Dime Savings Bank. Plaintiff is not suing on the note itself, but rather, on its payment of the note pursuant to the guarantee requested by defendant. This cause of action for reimbursement accrued upon payment by the guarantor, NYHEAC, to Dime Savings Bank on May 4, 1973 and the six-year Statute of Limitations consequently did not expire until May 4, 1979 (*Blanchard v Blanchard,* 201 NY 134, 137-139; *Jackson v Long Is. Light Co.,* 59 AD2d 523, 524; 57 NY Jur, Suretyship and Guaranty, § 370; see, also, *State of New York v Monastero,* 62 AD2d 792). This action then was timely commenced. Defendant has raised no triable issues of fact. Summary judgment was properly granted. We have examined defendant's other arguments and likewise find them to be without

952

merit. Order and judgment affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.