■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Appellant, v JANI T. SFERRAZZA, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Williams, J.), entered April 23, 1980 in Albany County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment, and (2) from an order of said court, entered August 11, 1980 in Albany County, which denied plaintiff's motion for reargument. Defendant's applications to plaintiff's predecessor, the New York Higher Education Assistance Corporation (NYHEAC), for guaranteed student loans were approved and guaranteed loans were made from the Walt Whitman Federal Savings and Loan Association (lender) to defendant. On March 3, 1972, defendant executed an interim promissory note in which she agreed to pay $2,235.24 with interest to the lender. Defendant failed to pay the note in accordance with its terms and NYHEAC, upon demand, paid $2,291.49 to the lender on April 17, 1974. Thereafter, plaintiff, as successor to NYHEAC, commenced an action for reimbursement of the money paid to the lender. Defendant, in her answer, alleged that the action was barred by the six-year Statute of Limitations (CPLR 213, subd 2). Plaintiff moved for summary judgment alleging that the promissory note matured on September 10, 1973, that it was not paid, that the lender invoked the guarantee, and plaintiff paid the amount due on April 17, 1974. Defendant crossmoved for summary relief. Special Term held that since the interim note granted defendant an 18-month hardship deferment, the six-year Statute of Limitations began to run on September 10, 1973, the date the deferment expired. Accordingly, since the action was commenced on September 27, 1979, Special Term denied plaintiff's motion for summary judgment and granted summary relief to defendant. This appeal by plaintiff ensued. We reverse.

Initially, we note that defendant's contention that the instant appeal is untimely is without merit. There is no evidence in the record that plaintiff was served with a copy of the judgment and written notice of its entry. Thus, the 30-day period to take an appeal as of right never began to run *(Matter of Kaufman,* 66 AD2d 688; see CPLR 5513, subd [a]). Turning to the substantive issue, we restate our position that a cause of action for reimbursement accrues upon payment by the guarantor *(State of New York Higher Educ. Servs. Corp. v Robbins,* 76 AD2d 951). Although the *Robbins* decision was handed down shortly after the appeal from the instant order was taken, there is no reason to deny its applicability retroactively. The *Robbins* holding was based on well-established rules involving indemnity payments (see *State of New York v Monastero,* 62 AD2d 792; *Jackson v Long Is. Light. Co.,* 59 AD2d 523, 524). Accordingly, since plaintiff paid the lender on April 17, 1974, thereby invoking the six-year Statute of Limitations, its action commenced on September 27, 1979 was timely. Having determined that Special Term erred in fixing the date for the commencement of the Statute of Limitations, we find it unnecessary to comment on the order entered August 11, 1980, which denied plaintiff's motion to reargue. Similarly, we find defendant's alternate motion for a change of venue to be academic. Finally, defendant's allegation in her brief to this court that she lacked the mental capacity to contract on the date she signed the promissory note cannot be passed upon by this court. No such defense was set forth in her answer nor was the issue presented to Special Term. Also, defendant's contention that the amount guaranteed by NYHEAC is uncertain is without merit. The promissory note, dated March 3, 1972, clearly identifies defendant's monetary obligation. Order entered April 23, 1980, reversed, on the law, with costs, plaintiff's motion for summary judgment granted, and defendant's cross motion for summary judgment denied. Appeal from order entered August 11, 1980, dismissed, as academic, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.