■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v ALAN M. ZAMORE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered February 16, 1982 in Albany County, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) and ordered an immediate trial of the issues raised on the motion pursuant to CPLR 3211 (subd [c]). In 1963 and 1964, defendant applied for and received two $1,500 loans from the Greater New York Savings Bank, and the loans were guaranteed by the New York Higher Education Assistance Corporation to which plaintiff is a successor. Upon defendant's default in making payment on the $3,000 note to the lending institution, plaintiff paid the lending institution the amount due and owing on the note pursuant to its guarantee on January 29, 1974. Thereafter, defendant was never personally served with a summons with notice in this action until April 29, 1981, and he later moved to dismiss the complaint, pursuant to CPLR 3211 (subd [a], par 5), upon the grounds that the action was barred by the Statute of Limitations and that the note had been paid. Finding material issues of fact presented, Special Term denied the motion and instead ordered an immediate trial of the issues raised on the motion pursuant to CPLR 3211 (subd [c]). Defendant now appeals, and we hold that the challenged order should be reversed. The Statute of Limitations applicable to this matter is six years (CPLR 213), and plaintiff is clearly not suing on the note itself, but rather upon its payment of the note pursuant to its guarantee. Consequently, its cause of action accrued on January 29, 1974, the date of payment, and since defendant was not served until more than six years later on April 29, 1981, the cause of

action is time barred (see *State of New York Higher Educ. Servs. Corp. v Sferrazza,* 84 AD2d 874; *State of New York Higher Educ. Servs. Corp. v Robbins,* 76 AD2d 951, app dsmd 53 NY2d 839). In so ruling, we find unpersuasive plaintiff's argument that defendant should be estopped from asserting the Statute of Limitations defense because of his frequent changes of address and failure to notify plaintiff of those changes. The regulation allegedly requiring defendant to notify plaintiff of his changes of address, i.e., 8 NYCRR 2104.5, is actually inapplicable to defendant here because it was not effective until April 12, 1977, which was more than three years after the accrual of this cause of action and well over 10 years after defendant executed the loan agreement. Moreover, when plaintiff had difficulty locating defendant to personally serve him in this action, it could have moved pursuant to CPLR 308 (subd 5) for an order directing an appropriate manner of service (see *Dobkin v Chapman,* 21 NY2d 490), but failed to do so. Similarly unconvincing is plaintiff's argument based upon defendant's alleged representation to plaintiff on November 27, 1974 that he had been a full-time matriculated student until June of 1974. Assuming this representation was made by defendant and plaintiff was thereby led to believe that payment on the note was not due until either 9 or 36 months after June of 1974 (see 8 NYCRR 2103.11 [f] [1], [2]), then it would have been incumbent upon plaintiff immediately to contact the lending institution and seek recoupment of what would have been a premature payment on its guarantee of the note. It having failed to take such action, it cannot now successfully rely on defendant's alleged representation to defeat defendant's Statute of Limitations defense. We need reach no other issue. Order reversed, on the law, without costs, and motion to dismiss complaint granted. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.