OPINION OF THE COURT
Ira B. Harkavy, J.
Plaintiff moves for summary judgment pursuant to CPLR 3212 in favor of the plaintiff and against the defendant. Plaintiff Massachusetts Higher Education Assistance Corporation alleges that there is no genuine issue of triable fact in this action against defendant Lucia Bruno, and as such summary judgment should be granted in their favor.
Plaintiff brought this action to recover $2,100.89 plus interest based on two promissory notes executed by defendant under the name of Karen Mangan in consideration for moneys loaned to defendant for her education. On September 18, 1973 and September 15, 1975, respectively, defendant borrowed a total of $2,000 through the higher education loan program of the Massachusetts Higher Education Assistance Corporation. On each of those dates defendant executed a promissory note payable to the Springfield Institution for Savings for $1,000 each time plus interest thereon and attorney’s fees. In addition, the defendant agreed in writing to pay the notes in March, 1978.
Both Springfield and plaintiff, Massachusetts Higher Education Assistance Corporation, made numerous demands for payment of the notes, however, no money was *182 forthcoming. Under the provisions of this loan program, plaintiff as a guarantor was obligated to repurchase the two notes outstanding from Springfield, the lending institution. Plaintiff purchased defendant’s loans from Springfield for the sum of $2,000 (principal) plus $100.89 (accrued interest), amounting in all to the sum of $2,100.89.
Prior to this purchase which did not take place until December 8, 1978, plaintiff contacted defendant and made numerous demands for repayment of the obligation; all to no avail. Defendant, in a letter dated October 10, 1978 stated that she had assumed the name of Lucia Bruno and for the time being she would be unable to meet her obligation as she had been laid off from work and had no means of income. Defendant, however, indicated explicitly that she hoped to pay off her obligation. In that letter she stated: “I want to assure you that I have every intention of honoring my obligations in regards to the Help loan.”
Ms. Bruno in her answer contends that the cause of action herein is time barred by the Statute of Limitations of six years. She attempts to substantiate this affirmative defense by implying that the six-year period begins to run from the moment the promissory notes were taken out. This reasoning however is flawed, since the notes themselves were not due for repayment until March of 1978. Any default of that responsibility and subsequently the beginning of the time period for filing a claim under the Statute of Limitations could only take effect from the time the notes were due. Therefore, the action commenced by the plaintiff guarantor on December 7,1983 against defendant was certainly not in violation of the Statute of Limitations as it was filed within six years of the cause of action.
The question before this court is whether genuine issues of triable fact are present. If indeed there were such an issue, summary judgment would have to be denied pursuant to CPLR 3212 (subd [b]). This however is not the case.
Plaintiff correctly asserts that its cause of action is not barred by the six-year Statute of Limitations. In contrast, defendant erroneously contends that support for plaintiff’s allegations are misplaced. Plaintiff cites three Appellate Division cases of which independently though concurrently *183 hold that a cause of action by the governmental guarantor accrues from the time the guarantor pays the lending institutions. (State of New York Higher Educ. Servs. Corp. v Robbins, 76 AD2d 951; State of New York Higher Educ. Servs. Corp. v Sferrazza, 84 AD2d 874; State of New York Higher Educ. Servs. Corp. v Zamore, 90 AD2d 664.) In the case at bar, the guarantor paid the lending institution on December 8, 1978 while the cause of action was begun on December 7, 1983; certainly well within the six-year limitation.
Defendant maintains that plaintiff erred by citing New York case law as the case at bar involves a Massachusetts plaintiff suing upon Massachusetts notes, executed in Massachusetts and presumably a guarantee which was paid in Massachusetts. However defendant’s attorney is mistaken in his assertion that a conflict of law exists between New York and Massachusetts law. Both New York and Massachusetts law have a similar Statute of Limitations of six years in matters such as the one before this court. (CPLR 213, subd 2; Mass Gen Laws Ann, ch 260, § 2.)
Even if this court were to consider plaintiff’s allegation by implication that the running of the Statute of Limitations began upon the execution of the promissory notes, any request for denial of summary judgment would fail. Under Massachusetts law which defendant insists must be binding upon this court, an acknowledgment by the defendant of present indebtedness unaccompanied by any evidence of determination not to pay is sufficient to toll the Statute of Limitations. (Westminster Nat. Bank v Graustein, 270 Mass 565, cert den 282 US 876.) “However, the courts, perhaps influenced by the possibility of reliance by the creditor, or by the contractual aspect of the doctrine of acknowledgment, have generally sustained the action whenever the creditor can point to an objective manifestation of an intention to pay” (63 Harv L Rev 1177,1256). In the case at bar, defendant has openly stated in a letter dated October 10, 1978 her intention to pay off her notes. In so doing, her acknowledgment effectively tolls the Statute of Limitations and retroactively denies the running of the statute from any point prior to this acknowledgment.
*184 Defendant also argues that the New York case law cited by the plaintiff was misplaced in that each of those cases involved a cause of action for reimbursement or guarantee. She claims that the case before this court differs since it is an action by the plaintiff, a holder of the notes and is a suit upon the notes and as such the Statute of Limitations is that which applies to the notes. This court however does not recognize any difference between “reimbursement” which accrues upon payment by the guarantor and a note payable to the lending institution under which the guarantor is forced to pay back the lending institution the note it has guaranteed because of a lack of funds forthcoming from the defendant. In the instant case, the acknowledgment by the defendant of her duty to reimburse the guarantor is commensurate with New York case law cited herein by the plaintiff.
The Statute of Limitations has been tolled by defendant’s acknowledgment of debt to the plaintiff.
Defendant in her letter of October 10,1978 admits she is known as Lucia Bruno and Karen Mangan. To now claim that she cannot be sued under both her names is a specious argument.
For the reasons stated herein, summary judgment is granted in favor of plaintiff in the sum of $2,100.89 plus interest thereon at the rate of 7% per annum from December 8, 1978. Plaintiff is entitled to reasonable attorney’s fees in the amount of 10% of the balance herein plus costs and disbursements.