■ STATE OF NEW YORK, Appellant, v NANETTE R. COHEN, Respondent.—Weiss, J.

This action seeks collection on a 1965 student loan note under which plaintiff's last advance was made on March 29, 1967. This action was commenced on February 16, 1988. Defendant's cross motion for summary judgment was based upon the expiration of the Statute of Limitations.

Under any interpretation, defendant was in full breach of the agreement and, as of the time the last payment was due (June 1980), plaintiff had every reason to believe defendant had breached and repudiated each and every contractual obligation owed to it.* The purpose of the Statute of Limitations "is to bring finality to rights and duties once they have accrued or the parties involved could reasonably know they have accrued" (State of New York v Monastero, 62 AD2d 792, 793). Plaintiff has failed to submit proof in an evidentiary format to demonstrate that it had a reasonable belief that the rights and obligations between the parties had not fully and finally accrued, that the Statute of Limitations had in any manner been tolled, or that an issue of fact was real and in dispute (see, Zuckerman v City of New York, 49 NY2d 557). Plaintiff's remaining contention that it needed discovery and disclosure in order to determine if defendant's second affirmative defense of satisfaction and accord resulted in any payment during the six years prior to the commencement of the action is without merit. There is nothing to suggest such payment and plaintiff's own records could reveal any payments.

This case again brings into focus the failure to recover millions of dollars in collectible obligations. In State of N. Y. Higher Educ. Servs. Corp. v Zamore (59 NY2d 933, 935), the

---

* Unlike State of New York v Monastero (62 AD2d 792), every contingency within defendant's control to delay commencement of payment would have expired during the 1970's.

Court of Appeals observed that the 168,892 student loans in default totaling $343,135,032 were worthy of attention by the Legislature. More recently, this court reiterated that "the continuing dilemma of student loan defaults is a matter more properly addressed to the Legislature, which has the power to revive a claim presently barred by the Statute of Limitations" *(State of N. Y. Higher Educ. Servs. Corp. v Langus,* 140 AD2d 792, 793). Here, a loan made in November 1965 received no attention until a demand letter was sent almost 18 years later. No further action was taken for another five years. The Statute of Limitations as a defense is no surprise.

Order affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.