■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v JEFFREY STARR, Appellant.—Mercure, J.

On January 6, 1971 defendant executed his promissory note in favor of First National City Bank, under the terms of which he was to repay the sum of $3,789.76 and interest at the rate of 6%. The obligation, for repayment of a student loan under Education Law article 14, was guaranteed by plaintiff's predecessor, the New York Higher Education Assistance Corporation. Alleging that defendant never made any payments on the loan and that, on June 24, 1975, plaintiff paid the entire loan balance of $4,868.65 in accordance with its guarantee *(see,* Education Law § 680 [1] [b]), plaintiff commenced this action in January 1984 to recover the sums so paid. In his answer, defendant acknowledged execution of the promissory note but asserted a lack of personal jurisdiction and the Statute of Limitations as affirmative defenses. Defendant then moved for summary judgment dismissing the complaint as barred by the six-year contract Statute of Limitations of CPLR

213 (2). Supreme Court denied the motion upon the ground that defendant had not come forward with competent evidence establishing a prima facie defense. A subsequent motion for the same relief was ultimately denied upon the ground that factual issues existed precluding summary judgment.* Defendant appeals.

We agree with defendant that the evidence before Supreme Court established that the six-year Statute of Limitations expired prior to commencement of this action, as is now conceded by plaintiff. However, during the pendency of the appeal, Congress amended 20 USC § 1091a (a) to provide in relevant part:

"(2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by * * *

"(B) a guaranty agency * * * that is seeking the repayment of the amount due from a borrower on a [student loan] after such guaranty agency reimburses the previous holder of the loan for its loss on account of the default of the borrower".

The new law, applicable to all actions pending on or after its April 9, 1991 effective date and brought before November 15, 1992 (see, Pub L 102-26, § 3 [a]), unquestionably governs the action pending against defendant. Plaintiff is a "guaranty agency" (see, Education Law § 680 [1] [b]) and this is an action for repayment of a student loan after the "guaranty agency" has reimbursed the previous holder for its loss on account of defendant's default (see, 20 USC § 1091a [a] [2] [B]). Further, "[u]nder the Supremacy Clause, U.S. Const., Art. VI, cl. 2, state laws that 'interfere with, or are contrary to the laws of congress, made in pursuance of the constitution' are invalid" (Wisconsin Pub. Intervenor v Mortier, 501 US —, —, 111 S Ct 2476, 2481, quoting Gibbons v Ogden, 9 Wheat [US] 1, 211). "The ways in which federal law may pre-empt state law are well established and in the first instance turn on congressional intent" (Wisconsin Pub. Intervenor v Mortier, supra, 501 US, at —, 111 S Ct, at 2481). There can be no clearer evidence of Congress' intent to supplant State authority than preemptive language in the Federal statute itself (see, supra; Jones v Rath Packing Co., 430 US 519, 525).

Here, 20 USC § 1091a (a) (1) explicitly provides that the

* A more detailed procedural history of the current motion may be found in our decision on a prior appeal (158 AD2d 771).

law's purpose is "to ensure that obligations to repay loans and grant overpayments are enforced without regard to any * * * State statutory, regulatory, or administrative limitation on the period within which debts may be enforced", thereby evidencing Congress' clear intent to preempt State limitations laws (see, Tipton v Secretary of Educ. of U.S., 768 F Supp 540, 554). Finally, we apply the law as it now exists, even if it has the effect of reviving a claim which is already time barred (see, Piccirelli v Johns-Manville Sales Corp., 128 AD2d 762, 763; see also, State of New York v Cohen, 158 AD2d 894, 895). Accordingly, the denial of defendant's motion for summary judgment must be upheld.

We also agree with plaintiff's contention that there is no legitimate factual issue as to defendant's obligation for payment of the sum demanded in the complaint. The answer acknowledged execution of the subject promissory note and did not assert full or partial payment as an affirmative defense (see, CPLR 3018 [b]). Searching the record pursuant to CPLR 3212 (b), plaintiff is granted summary judgment.

Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by awarding summary judgment in favor of plaintiff, and, as so modified, affirmed.