(836 P.2d 25)

No. 67,337

HIGHER EDUCATION ASSISTANCE FOUNDATION, INC., *Appellee,* v. MARGARET A. GLENN-HEALY, *Appellant.*

Opinion filed August 14, 1992.

*Roger L. Falk,* of Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Keith J. Shuttleworth* and *Kevin D. Case,* of Buck, Bohm & Stein, P.C., of Leawood, for appellee.

Before BRAZIL, P.J., ELLIOTT and PIERRON, JJ.

BRAZIL, J: In a case involving the collection of defaulted student loans, Margaret A. Glenn-Healy appeals from the district court's grant of summary judgment in favor of the Higher Education Assistance Foundation (HEAF). Glenn-Healy contends the district court erred in applying the federal statute of limitation, 20 U.S.C. § 1091a (1988) rather than the state statute, K.S.A. 60-511. Glenn-Healy also contends this action accrued at the time she failed to make the initial repayment. We affirm.

The facts are not in dispute. Between September 1981 and July 1983, Glenn-Healy executed five promissory notes to finance

her law school education. Glenn-Healy obtained the loans through Union Bank and Trust Company (Union Bank) in Lincoln, Nebraska. Each of the loans was guaranteed by HEAF.

Each promissory note stated that the loans were subject to, and would be interpreted in accordance with, the Higher Education Act of 1965 20 U.S.C. § 1001 *et seq.* (1988) (Higher Education Act).

HEAF is a corporation that is authorized to guarantee student loans under an agreement with the Secretary of Education pursuant to 20 U.S.C. § 1078(c) (1988 and Supp. II 1990). Under that agreement, HEAF guaranteed and eventually was assigned Glenn-Healy's loans from Union Bank.

Glenn-Healy graduated from law school in May 1984 and has failed to make payments on any of the five notes, either to the original lender (Union Bank) or to HEAF. Her first payment on each note would have been due and payable to Union Bank on or before the dates indicated below:

| | | |
|---|---|---|
| Note 1 dated September 29, 1981 | ($5,000) | due December 1, 1984 |
| Note 2 dated May 10, 1982 | ($5,000) | due December 1, 1984 |
| Note 3 dated March 21, 1983 | ($5,000) | due December 1, 1984 |
| Note 4 dated November 22, 1982 | ($3,000) | due August 1, 1984 |
| Note 5 dated July 8, 1983 | ($3,000) | due August 1, 1984 |

Glenn-Healy defaulted on the loans from Union Bank. The promissory notes were then assigned by Union Bank to HEAF pursuant to HEAF's guaranty agreement with Union Bank. Notes 1, 2, and 3 were assigned to HEAF April 15, 1986. Notes 4 and 5 were assigned to HEAF April 21, 1986. Glenn-Healy failed to pay her obligations due under the promissory notes despite HEAF's demand for payment.

On January 14, 1991, HEAF filed suit against Glenn-Healy on Notes 1, 2, and 3. On February 19, 1991, HEAF filed two more suits against Glenn-Healy on Notes 4 and 5. The foregoing three suits were consolidated for trial.

HEAF moved for summary judgment on all the notes. Glenn-Healy contended that HEAF's claims were barred by the Kansas five-year statute of limitations. HEAF contended that the six-year federal statute of limitations applied and that the statute did not begin to run until HEAF took an assignment of the promissory notes.

The district court granted HEAF's motion for summary judgment. The court determined that the suits were governed by the six-year federal statute of limitations, 20 U.S.C. 1091a(a)(2). The court specifically found that the federal statute superseded the state statute of limitations. The court also determined HEAF's action accrued when HEAF took the assignment and reimbursed Union Bank. Because HEAF's petitions were filed within six years of taking the assignment, HEAF's suits were not time barred.

Glenn-Healy timely appeals.

The promissory notes signed by Glenn-Healy stated that the loans were subject to and would be interpreted in accordance with the Higher Education Act of 1965, 20 U.S.C. § 1001 *et seq.* The following amendment to 20 U.S.C. § 1091a(a) was enacted on April 9, 1991:

"(a) AMENDMENT.—Section 484A(a) of the Act (20 U.S.C. 1091a(a)) is amended to read as follows:

(a) IN GENERAL.—(1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to *any Federal or State . . . limitation on the period within which debts may be enforced.*

(2) Notwithstanding any other provision of statute . . ., *no limitation shall terminate the period within which suit may be filed,* a judgment may be enforced . . . or other action initiated or taken by—

. . .

(B) a guaranty agency that has an agreement with the Secretary [of Education] under section [1078(c)] . . .

. . .

(c) EFFECTIVE DATE.—The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99-272), and shall apply to any actions pending on or after the date of enactment of the Higher Education Technical Amendments of 1991 that are brought before November 15, 1992." (Emphasis added.) Higher Education Technical Amendments of 1991. Pub. L. No. 102-26, 105 Stat. 124-25.

The doctrine of federal preemption arises from the Supremacy Clause of the United States Constitution: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the . . . Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2.

The 1991 amendment to 20 U.S.C. § 1091a(a)(2) explicitly precludes application of a state statute of limitations on the period within which suit may be filed by an entity like HEAF. It specifically states that the section is effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 and applies to any action "pending on or after the date of enactment [April 9, 1991] . . . that are brought before November 15, 1992." Higher Education Technical Amendments of 1991, Pub. L. No. 102-26, 105 Stat. 125.

HEAF filed this case January 14, 1991. HEAF's motion for summary judgment was filed May 2, 1991. The trial court's journal entry was filed September 20, 1991. This case was pending on or after the date of enactment (April 9, 1991) of the amendment, consequently, the amendment applies. K.S.A. 60-511 does not apply here and no statute of limitations, federal or state, can terminate the period within which HEAF may file suit against Glenn-Healy. See *State of N.Y. Higher Educ. v. Starr,* 179 App. Div. 2d 992, 579 N.Y.S.2d 210 (1992).

Although the trial court ruled that the six-year statute of limitations found in the pre-1991 version of 20 U.S.C. § 1091a had not expired (and that holding appears correct), there is no reason to examine the court's rationale in light of the April 1991 amendments to 20 U.S.C. § 1091a.

Finally, in her reply brief, Glenn-Healy argues that HEAF failed to raise at the trial level: (1) the Supremacy Clause and/or preemption issue; and (2) the applicability of the 1991 amendment to 20 U.S.C. § 1091a.

Generally, an issue not raised before the trial court may not be raised for the first time on appeal unless the newly asserted argument involves only a legal issue arising on proven or admitted facts. *Taco Bell v. City of Mission,* 234 Kan. 879, Syl. ¶ 1, 678 P.2d 133 (1984). In the present case, whether or not these issues were raised at the trial level, they can and should be considered by this court. They involved only legal issues and there was no dispute as to any material fact.

Affirmed.