OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of plaintiff’s *350 motion for summary judgment based on an unsatisfied promissory note that defendant executed pursuant to the receipt of certain student loans from 1973 through 1976. Defendant opposes said relief.
Defendant borrowed a total of $9,000 from 1973 through 1976, in the form of guaranteed student loans for the purpose of attending law school. Defendant defaulted on these loans without making any payments. The lender, Buffalo Savings Bank, invoked its guaranty, causing guarantor, New York State Higher Education Services Corporation, the plaintiff herein, to satisfy the loan, pursuant to Education Law § 680 (1) (b). Plaintiff commenced the within action on December 30, 1991, to recover the sums paid under the guaranty.
Defendant asserts the Statute of Limitations as an affirmative defense. The six-year Statute of Limitations for contracts had, in fact, expired before the commencement of this action. However, 20 USC § 1091a (a), provides that "(2) [Notwithstanding any other provision of statute, regulation or administrative limitation, no limitations shall terminate the period within which suit may be filed, a judgment may be enforced or an offset, garnishment, or other action initiated or taken by * * * (B) a guaranty agency * * * that is seeking the repayment of the amount due from a borrower on a [student] loan * * * after such guaranty agency reimburses the previous holder of the loan for its loss on account of the default of the borrower.”
The new law applicable to all actions pending on or after its April 9, 1991, effective date, and brought before November 15, 1992, unquestionably governs the action pending against the defendant. Plaintiff is a guaranty agency and this is an action for repayment of a student loan after the guaranty agency has reimbursed the previous holder for its loss on account of defendant’s default. Further, under the Supremacy Clause, US Constitution, article VI, clause (2), State laws that, " 'interfere with, or are contrary to the laws of congress made, in pursuance of the constitution’ are invalid.” (Wisconsin Pub. Intervenor v Mortier, 501 US —, —, 111 S Ct 2476, 2481.) The ways is which Federal law may preempt State law are well established and turn on congressional intent. (Wisconsin Pub. Intervenor v Mortier, supra, at 2481.) There can be no clearer evidence of Congress’s intent to supplant State authority than preemptive language in the Federal statute itself, which specifically provides that the law’s purpose is "to ensure that obligations to repay loans and grant overpayments are *351 enforced without regard to any * * * State statutory, regulatory, or administrative limitation on the period within which debts may be enforced”. (20 USC § 1091a [a] [1].) This evidences Congress’s clear intent to preempt State limitation laws. (See, State of New York Higher Educ. Servs. Corp. v Starr, 179 AD2d 992 [1992], lv denied 80 NY2d 757 [1992].)
Application of the laws that now exist has the effect of reviving a claim which had already been time barred. Accordingly, the court finds that the Statute of Limitations is not a defense to the within action. As it is defendant’s only defense, and the promissory note indicates the terms which embody the contract between the defendant and the lender, summary judgment should be granted to the plaintiff in this action, in the amount of $9,000 plus interest from the date of the promissory note, March 27, 1978.