

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2009

# USA v. Tuerk

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2962

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Tuerk" (2009). *2009 Decisions.* Paper 1757.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1757

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2962

_____

UNITED STATES OF AMERICA,

v.

ROBERT P. TUERK

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 05-cv-06088
(Magistrate Judge: The Honorable Timothy R. Rice)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009

Before: McKEE, STAPLETON, *Circuit Judges,* and IRENAS,* *Senior District Judge*.

(Filed:  March 11, 2009)

OPINION OF THE COURT

_____

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

McKee, <u>Circuit Judge</u>,

Robert Tuerk appeals the district court's order granting summary judgment to the United States on its suit to recover amounts owed on defaulted student loans extended to Turek. For the reasons that follow, we will affirm.

I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. Our review of the grant of summary judgment is plenary. *Kaucher v. County of Bucks*, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). To raise a "genuine" issue of fact, the record must contain evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Tuerk also alleges that the government's claim is barred by various defenses, including laches, lack of due diligence, and several constitutional defenses. The1991 Amendment to the Higher Education Act states in relevant part that "no limitation shall terminate the period within which suit may be filed, a judgment may be enforced or an offset, garnishment or other action initiated or taken by . . . the Attorney General . . . for the repayment of the amount due from a borrower on a loan made under this subchapter.. 20 U.S.C. § 1091a(a)(2)(D) (2009). In enacting that amendment, Congress intended to allow recovery on a broad range of student loan debts by

2

eliminating all limitations defenses such as those urged by Turek. *See*, *United States v. Lawrence* 276 F.3d 193, 196 (5th Cir. 2001) (§ 1091a eliminates all limitations defenses for collection of student debts); *See also*, *Millard v. United Student Aid Funds, Inc.*, 66 F.3d 252, 253 (9th Cir. 1995) (time-bar abolition fulfilled the express legislative purpose of ensuring that obligations to repay loans are enforced); *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993) (noting that Congress intended to revive all time-barred actions to recover defaulted student loans).

It is also clear that the amendment similarly eliminates the equitable defense of laches. *Lawrence*, 276 F.3d at 196. Furthermore, even if the amendment did not otherwise bar the defense of laches, Turek could still not establish that defense against the United States. *See*, *United States v. Summerlin*, 310 U.S. 414, 416 (1940). *See also, United States v. St. John's General Hosp.*, 875 F.2d 1064, 1071 (3d Cir. 1989) ("It is well established that the United States is not subject to the defense of laches in enforcing its rights."); *United States v. Gera*, 409 F.2d 117, 120 (3d Cir. 1969) (same). Tuerk also argues that the government's claim must fail for want of "due diligence." However, we can distinguish no difference between this "due diligence" claim and the meritless attempt to rely on the defense of laches.

Tuerk alleges for the first time on appeal that Congress' elimination of statutes of limitations for collections of student loans is invalid on constitutional and contractual grounds. However, since he did not make those arguments in the district court, we will not address them now. "[F]ailure to raise an issue in district court constitutes a waiver of the argument[.]" *Belitskus v. Pizzingrilli*, 343 F.3d 632, 645 (3d Cir. 2003) (quoting *Reform Party of Allegheny County v. Allegheny Dept. Of Elections*, 174 F.3d 305, 316 (3d Cir. 1999)).

## II.

Finally, Tuerk relies on Fed. R. Civ. P. 60(b) in arguing that he should not be faulted for his attorney's inadvertent failure to respond to the government's motion for summary judgment. Rule 60(b) provides for relief from judgements involving "mistake, inadvertence, surprise, or excusable neglect." However, relief under Rule 60(b) is "extraordinary," and "may only be invoked upon a showing of exceptional circumstances.'" *Mayberry v. Maroney*, 529 F.2d 332, 336 (3d Cir. 1976). The existence of excusable neglect turns on all relevant circumstances, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

Here, the Magistrate Judge correctly noted that Tuerk's attorney had participated in the scheduling conference where the filing date was set, and he was also contacted by court staff and reminded of the filing date. *United States v. Tuerk*, No. 05-CV-06088, 2007 WL 1300231, at *2 (E.D.Pa. May 1, 2007). Tuerk was served with the appellee's motion for summary judgment on March 9, 2007, and his attorney received notice through an electronic filing service. *Id*. Furthermore, the attorney's failure to respond was not an isolated incident. Rather, it was part of a pattern of disregard for court orders during the course of the proceedings. *Id*. Thus, it is clear that Turek can not establish excusable neglect. In fact, his attempt to argue excusable neglect on this record borders on frivolity.

## III.

For all of the above reasons, we will affirm the order of the district court granting summary judgment to the plaintiff.