[900 NYS2d 159]

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v ANTHONY FABRIZIO, Appellant.

Third Department, April 8, 2010

APPEARANCES OF COUNSEL

*Siegel & Siegel, P.C.*, New York City (*Michael D. Siegel* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General*, Albany (*Owen Demuth* of counsel), for respondent.

**OPINION OF THE COURT**

SPAIN, J.

After executing promissory notes and obtaining student loans in 1972 and 1974 which were guaranteed by plaintiff's predecessor, defendant allegedly defaulted and plaintiff honored its guaranty and paid the bank the entire loan balance of $9,355 (*see* Education Law § 680 [1] [b]). In 1983, plaintiff obtained a default judgment against defendant in the amount of $9,664.63. In 2008,* defendant received notice that he is required to establish a repayment plan or his wages will be garnished. Defendant then moved to have the 1983 default judgment against him deemed to have been paid pursuant to CPLR 211 (b), which provides that "[a] money judgment is presumed to be paid and satisfied after . . . [20] years from the time when the party recovering it was first entitled to enforce it" (CPLR 211 [b]). That presumption is conclusive, except in certain circumstances where the debtor acknowledges or pays part or all of the debt (*see* CPLR 211 [b]). Plaintiff argued that 20 USC § 1091a, a provision of the Higher Education Act of 1965 as amended in 1991, allows collection of this debt and preempts the limitation contained in CPLR 211 (b). Supreme Court denied defendant's motion, agreeing with plaintiff that 20 USC § 1091a preempts CPLR 211 (b). Defendant appeals and, because we find that defendant's motion was correctly denied, we affirm.

In 1991, Congress amended 20 USC § 1091a "to allow recovery on a broad range of student loan debts by eliminating all limitations defenses" (*United States v Tuerk*, 317 Fed Appx 251, 253 [3d Cir 2009]). That statute provides, in relevant part:

"(2) Notwithstanding any other provision of stat-

---

* No explanation appears in the record on appeal for that 25-year delay.

ute, regulation, or administrative limitation, *no limitation shall terminate the period within which* suit may be filed, *a judgment may be enforced*, or an offset, garnishment, or other action initiated or taken by . . . (B) a guaranty agency . . . that is seeking the repayment of the amount due from a borrower on a [student loan] after such guaranty agency reimburses the previous holder of the loan for its loss on account of the default of the borrower" (emphases added).

The unambiguous stated purpose is "to ensure that obligations to repay loans and grant overpayments are enforced without regard to any . . . [s]tate statutory, regulatory, or administrative limitation on the period within which debts may be enforced" (20 USC § 1091a [a] [1]). Here, plaintiff is a "guaranty agency" seeking repayment of a student loan after it reimbursed the previous holder (the lending bank) for its loss on account of defendant's default (*see* 20 USC § 1091a [a] [2] [B]; Education Law § 680 [1] [b]). Further, under 1992 amendments, 20 USC § 1091a shall "apply to any actions pending on or after the date of enactment of the . . . [a]mendments of 1991" (Pub L 102-26, 105 US Stat 123 [102nd Cong, 1st Sess, Apr. 9, 1991], as amended by Pub L 102-325, tit XV, § 1551 [102nd Cong, 2d Sess, July 23, 1992], amending 20 USC § 1091a Note). The provisions of 20 USC § 1091a (a) clearly apply to this motion and, thus, "no limitation"—such as CPLR 211 (b)—can extinguish the period in which plaintiff may enforce its money judgment against defendant (20 USC § 1091a [a] [2]).

While CPLR 211 (b) generally prohibits collection of a money judgment more than 20 years after a party was first entitled to enforce it, creating a conclusive presumption of payment (*see* Siegel, NY Prac §§ 34, 35 [4th ed]), "Congress, by enacting 20 USC § 1091a (a) (2), has preempted [s]tate limitation periods in suits where, as here, the guaranty agency seeks repayment of student loans" (*New York State Higher Educ. Servs. Corp. v Barry*, 267 AD2d 567, 568 [1999] [section 1091a preempts CPLR 213 statute of limitations]; *see State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333, 336 [1999] [section 1091a preempts CPLR 3215 requirement of entry of default judgment within one year]; *State of New York v Shaw*, 189 AD2d 1057 [1993]). As we previously emphasized, "[t]here can be no clearer evidence of Congress' intent to supplant [s]tate authority than preemptive language in the [f]ederal statute itself" (*State of New York Higher Educ. Servs. Corp. v Starr*, 179 AD2d 992, 993 [1992], *lv denied* 80 NY2d 757 [1992]).

Defendant is correct that CPLR 211 (b) is a different type of statute of limitations in that it is a condition precedent which, upon the passing of 20 years, creates a conclusive presumption that a money judgment is paid and abolishes the underlying right behind the claim, rather than merely suspending the remedy (*see* Siegel, NY Prac §§ 34, 35 [4th ed]). We cannot agree, however, that the unqualified directive in 20 USC § 1091a—that "*no limitation* shall terminate the period"—is limited to what defendant calls "true statutes of limitations," i.e., the suspend-the-remedy type (*see* Siegel, NY Prac § 34 [4th ed]). To that end, United States Circuit Courts have held that the broad language of 20 USC § 1091a "eliminates all limitations defenses for collection of student debts [and] extends to eliminate the equitable defense of laches" (*United States v Lawrence*, 276 F3d 193, 196 [5th Cir 2001]; *accord United States v Tuerk*, 317 Fed Appx at 253), and this Court has not limited its preemptive effect to the suspend-the-remedy category of statutes of limitations (*see e.g. State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d at 336 [section 1091a preempts CPLR 3215]).

Given the comprehensive stated purpose of 20 USC § 1091a (as amended in 1991) (*see* 20 USC § 1091a [a] [1]), we find that congressional intent is express and unmistakable to preempt all types of state limitations on enforcing obligations to repay student loans or enforcing money judgments (*see Rosario v Diagonal Realty, LLC.*, 8 NY3d 755, 763 [2007], *cert denied* 552 US 1141 [2008]; *Drattel v Toyota Motor Corp.*, 92 NY2d 35, 42 [1998]; *Matter of Amoah v Mallah Mgt., LLC*, 57 AD3d 29, 31 [2008]). The limitation contained in CPLR 211 (b) undermines 20 USC § 1091a in the student loan recovery arena and, "[u]nder the Supremacy Clause, U. S. Const., Art. VI, cl. 2, state laws that interfere with, or are contrary to the laws of [C]ongress, made in pursuance of the [federal] constitution are invalid" (*Wisconsin Public Intervenor v Mortier*, 501 US 597, 604 [1991] [internal quotation marks and citation omitted]; *see State of New York Higher Educ. Servs. Corp. v Starr*, 179 AD2d at 993). Accordingly, Supreme Court correctly denied defendant's motion as CPLR 211 (b) does not represent a barrier to plaintiff's efforts to enforce the money judgment or to defendant's obligation to repay his student loans.

MERCURE, J.P., ROSE, LAHTINEN and STEIN, JJ., concur.

Ordered that the order is affirmed, without costs.