■ EARL SMITH et al., Respondents, v MARIE E. WILSON et al., Appellants.—Kane, J. P. Appeal from an order of the County Court of Fulton County (Lomanto, J.), entered June 20, 1986, which denied defendants' motion to vacate a default judgment entered against them.

In late 1983, plaintiffs commenced an action against defendants, Marie E. Wilson and Richard W. Mosher, seeking recovery for property damage occurring to their vehicle as a result of an automobile accident on September 17, 1983 in the Town of Johnstown, Fulton County. Recovery was sought against Wilson as owner and against Mosher as operator of the vehicle that hit plaintiffs' vehicle. Both defendants were served by substituted service pursuant to CPLR 308 (4). Upon defendants' failure to appear or answer, plaintiffs moved on April 27, 1984 for a default judgment. By order dated July 16, 1984, County Court granted plaintiffs' motion. Thereafter, an inquest was held and damages were assessed at $2,652.50. Subsequently, by motion dated April 17, 1986, defendants moved to vacate the default judgment pursuant to CPLR 317, 5015 (a) (3) and (4). County Court denied defendants' motion and this appeal ensued.

CPLR 308 (4) provides that if personal service of the summons upon the defendant cannot be accomplished under CPLR 308 (1) or (2) with "due diligence", then service may be effected by: "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his last known residence". The issue presented here is whether the process server, John Orloff, exercised due diligence in attempting to serve defendants personally prior to resorting to substituted service under CPLR 308 (4).

The pertinent facts are not in dispute and are as follows. Orloff attempted to serve Wilson personally at her residence on three separate occasions. Those were on Tuesday, December 20, 1983 at 3:00 P.M., Wednesday, December 28, 1983 at 9:00 A.M., and Friday, January 6, 1984 at 8:00 P.M. Upon being unable to serve Wilson personally on this last occasion, Orloff utilized substituted service. As to Mosher, Orloff also attempted to serve him personally at his residence on three separate occasions. Those were on Thursday, November 17, 1983 at 9:30 A.M., Friday, November 25, 1983 at 7:15 P.M., and

Tuesday, November 29, 1983 at 3:20 P.M. Upon being unable to serve Mosher personally on this last occasion, Orloff utilized substituted service.

This court has previously observed that: "Because there is a reduced likelihood that a defendant will actually receive the summons when it is served under CPLR 308 (subd 4), the requirement of 'due diligence' is to be stringently observed" *(PacAmOr Bearings v Foley,* 92 AD2d 959). *(See also, Kaszovitz v Weiszman,* 110 AD2d 117, 120.) Moreover, as noted in *Barnes v City of New York* (70 AD2d 580, *affd* 51 NY2d 906), " 'the due diligence requirement refers to the quality of the efforts made to effect personal service, and certainly not to their quantity or frequency' ". Finally, we note that it is plaintiffs who bear the burden of establishing that personal jurisdiction over defendants was obtained *(see, Bernardo v Barrett,* 87 AD2d 832, 833, *affd* 57 NY2d 1006).

The fact that the instant case presents a close question on the issue of due diligence was acknowledged by County Court when it concluded that plaintiffs complied with the standard of due diligence, but "barely". On the one hand, Orloff did attempt to serve each defendant at home outside normal working hours on one occasion. On the other hand, a total of only three attempts at personal service were made with respect to each defendant, none of these attempts was made on weekends and Orloff never made any inquiries to determine defendants' whereabouts or their possible places of employment. In this regard, it is significant that, during the time in question, Mosher worked for the City of Amsterdam in Montgomery County. Also significant is the fact that the front door to Wilson's residence was sealed and had a sign directing that the back door should be used. In light of the well-established policy of strictly observing the due diligence requirement and of scrutinizing the quality of the efforts made at personal service, we conclude that Orloff failed to exercise due diligence as a matter of law *(see, Chase Manhattan Bank v Carlson,* 113 AD2d 734, 735; *Kaszovitz v Weiszman, supra,* at 120). Accordingly, the default judgment was a nullity *(see, Ariowitsch v Johnson,* 114 AD2d 184, 186; *Chase Manhattan Bank v Carlson, supra,* at 735). We thus reverse and grant defendants' motion to vacate made pursuant to CPLR 5015 (a) (4).

Order reversed, on the law, without costs, motion granted and default judgment entered against defendants vacated. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.