■ JANKO POOL SERVICE, INC., Respondent, v RICHARD BERELSON, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), entered April 19, 1988, upon a decision of the court, without a jury, in favor of plaintiff.

Plaintiff brought this action to recover for pool repairs it alleges to have performed at defendant's request in 1981 and 1982. The affidavit of plaintiff's process server shows that the summons with notice was served on March 8, 1984 by the so-

called "nail and mail" method (CPLR 308 [4]) and alleges but one effort at personal service, at Craryville, New York, on February 29, 1984 at 4:35 P.M. Defendant raised lack of personal jurisdiction as a defense in his answer (see, CPLR 3211 [a] [8]; [e]). At no time during the nearly four-year interval between joinder of issue and trial did either party address any application to the jurisdictional issue (see, CPLR 3211 [a] [8]; [b]).

In his opening statement at the nonjury trial, defendant observed that lack of personal jurisdiction had been pleaded as a defense and stated that there was "no jurisdiction of this defendant". County Court nonetheless proceeded to take proof on plaintiff's cause of action, reasoning that, whether service was effected or not, there was "actual notice" to defendant. Plaintiff offered proof on the issues of liability and damages, but no evidence was submitted tending to establish personal jurisdiction over defendant. Defendant testified on his own behalf and, in the course thereof, denied that he had been personally served with a summons in the action. County Court took judicial notice of the original affidavit of service on file with the County Clerk, at defendant's request. In his summation, defendant again raised the jurisdictional issue and requested that the complaint be dismissed on that basis. Despite plaintiff's concession that there could well be merit to the defense, County Court determined that it had jurisdiction over defendant because of his participation in the proceedings, rendered a verdict in favor of plaintiff and granted judgment in the amount of $4,396.03 including costs and disbursements. Defendant appeals.

Defendant's initial contention, that service of the summons was defective and, accordingly, there was no personal jurisdiction, has merit and is dispositive of the issues before us. It is only if personal service cannot be effected under the provisions of CPLR 308 (1) or (2) with "due diligence" that the "nail and mail" provisions of CPLR 308 (4) can be utilized. Clearly, service, at least as alleged in the affidavit of service, was defective since one effort at personal service can never, by itself, constitute "due diligence" (see, Smith v Wilson, 130 AD2d 821, 822; PacAmOr Bearings v Foley, 92 AD2d 959; Siegel, NY Prac § 74, at 80). Further, since defendant fully complied with CPLR 3211 (e) by raising the objection in his answer, defendant's continued participation in the action "did not expressly or impliedly waive [his] jurisdictional objection" (Calloway v National Servs. Indus., 93 AD2d 734, 735, affd 60 NY2d 906). Once the objection was raised, the burden was on

plaintiff to establish personal jurisdiction over defendant *(see, Smith v Wilson, supra; Reed v Domenech,* 90 AD2d 844, 845). The affidavit of plaintiff's process server, alleging but one effort at personal service, was ineffectual to meet this burden. Instead, a failure to exercise due diligence and lack of personal jurisdiction were established as a matter of law. Thus, defendant's trial motion to dismiss should have been granted.

Judgment reversed, on the law, with costs, and complaint dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.