■ State of New York, Respondent, v John R. Shaw, Appellant.—Appeal from an order of the Supreme Court (Kahn, J.), entered April 28, 1992 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

Even if it is accepted that plaintiff did not seek entry of its default judgment against defendant within the one-year time period set forth in CPLR 3215 (c), we nevertheless affirm Supreme Court's denial of defendant's motion to vacate that judgment. Plaintiff's action sought to recover money due it under a promissory note executed by defendant for a student loan funded through the National Direct Student Loan Program pursuant to the Higher Education Act of 1965 *(see,* 20 USC § 1001 *et seq.).* Subsequent to this action being commenced Congress, in dealing with the problem of recovering on loans obtained through this program, amended 20 USC § 1091a (a) to provide in relevant part that "no limitation shall terminate the period within which suit may be filed [or] a judgment may be enforced * * * by * * * an institution * * * seeking the repayment of the amount due from a borrower on a [student] loan * * * after the default of the

borrower on such loan" (20 USC § 1091a [a] [2] [C]). That amendment, which applies to all actions pending on or after its April 9, 1991 effective date and commenced prior to November 15, 1992 *(see,* Pub L 102-26, § 3 [c]), governs the instant case. As this Court has recently noted, the Federal statute's expressed purpose is " 'to insure that obligations to repay loans and grant overpayments are enforced without regard to any * * * State statutory, regulatory, or administrative limitation on the period within which debts may be enforced' " *(State of New York Higher Educ. Servs. Corp. v Starr,* 179 AD2d 992, 994, quoting 20 USC § 1091a [a] [1]). We concluded that this statutory language was evidence of "Congress' clear intent to preempt State limitations laws" *(State of New York Higher Educ. Servs. v Starr, supra,* at 994). Defendant's argument concerning the limitation period of CPLR 3215 (c) must therefore be rejected.

We find no support in the record for defendant's claim that plaintiff committed any fraud or misrepresentation *(see,* CPLR 5015 [a] [3]). We also reject defendant's arguments that the amount of interest was improperly calculated and that counsel fees should not have been awarded and were excessive. Thus, insofar as defendant relied on these procedural arguments in support of his vacatur motion and never attempted to establish a justifiable excuse or meritorious defense *(see, e.g., Perellie v Crimson's Rest.,* 108 AD2d 903), the denial of his motion to vacate the default judgment entered against him was in all respects proper. Defendant's remaining arguments have been considered and rejected as unpersuasive.

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.