■ HANOVER NEW ENGLAND, as Subrogee of ROBERT BEAUREGARD, Doing Business as VALLEY CARPET, Respondent, v JACQUELINE MACDOUGALL, Appellant, and ROBERT WOODCOCK, Defendant. [608 NYS2d 561] —Crew III, J. Appeal from an order of the Supreme Court (White, J.), entered August 27, 1992 in Montgomery County, which, inter alia, granted plaintiff's motion to dismiss defendant Jacqueline MacDougall's first and second affirmative defenses.

Based upon our review of the record as a whole, we are unable to conclude that Supreme Court erred in finding that plaintiff satisfied the "due diligence" requirement of CPLR 308 (4) and in sustaining the "nail and mail" service upon defendant Jacqueline MacDougall (hereinafter defendant). CPLR 308 (4) permits such service when a party is unable to effect personal service under CPLR 308 (1) or (2) (see generally, Wood v Balick, 197 AD2d 438). There is no rigid standard by which the due diligence requirement is measured, and whether a party has satisfied that requirement will necessar-

ily depend upon the facts of each case *(see, Bank Leumi Trust Co. v Katzen,* 192 AD2d 401).

Here, the record reveals that plaintiff's process server attempted to serve defendant at her residence on Saturday, March 21, 1992 at 8:20 A.M., on Friday, March 27, 1992 at 6:40 P.M., and on Wednesday, April 8, 1992 at 7:30 P.M. Additionally, the process server spoke with one of defendant's neighbors in an effort to ascertain defendant's place of employment. Under these circumstances, we are of the view that the due diligence requirement has been satisfied *(see, Hochhauser v Bungeroth,* 179 AD2d 431; *cf., Matos v Knibbs,* 186 AD2d 725). Notably, this is not an instance where service was attempted only during normal working hours *(see, e.g., Serrano v Pape,* 188 AD2d 647; *Magalios v Benjamin,* 160 AD2d 773), nor is this a situation where defendant's place of employment should have been readily apparent *(compare, Pizzolo v Monaco,* 186 AD2d 727 [defendant physician's association with hospital was apparent from the face of the complaint and service could have been attempted there]) or the process server had an opportunity to serve a person of suitable age and discretion under CPLR 308 (2) and failed to do so *(see, e.g., Miske v Maher,* 156 AD2d 986, *lv denied* 75 NY2d 708; *Matter of Galuski v Tutunjian,* 133 AD2d 480, *lv denied* 70 NY2d 606). Defendant's remaining contentions, including her assertion that a traverse hearing was required and that her cross motion for a default judgment against defendant Robert Woodcock should have been granted, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.