[686 NYS2d 233]

STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORA-
TION, Appellant, v BERNARD C. UPSHUR, Respondent.

Third Department, March 11, 1999

334

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney-General,* Albany (*Julie M. Sheridan* of counsel), for appellant.

*Biscone & Neri,* Albany (*John T. Biscone* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

Between 1973 and 1975, defendant obtained four separate

student loans from Brooklyn Savings Bank; each of the loans was guaranteed by plaintiff. In August 1976, defendant filed a voluntary bankruptcy petition and scheduled Brooklyn Savings Bank, but not plaintiff, as a creditor. The bankruptcy proceeding resulted in the release of all of defendant's dischargeable debts. Defendant's student loans became due on April 1, 1977. Because defendant made no payments toward repayment of the loans, on June 9, 1977 plaintiff paid Brooklyn Savings Bank $3,951.54 on its guaranty. In August 1977, plaintiff commenced this action against defendant. The summons was served on defendant by affixing it to the door of defendant's residence and mailing an additional copy to him at that address (*see,* CPLR 308 [4]). Based upon defendant's failure to appear in the action, in March 1979 plaintiff entered a default judgment in the amount of $4,463.46.

In 1997, plaintiff served a restraining notice with respect to a brokerage account held in defendant's name, and defendant thereafter moved to vacate the default judgment upon the ground of alleged nonservice of the summons. Supreme Court granted the motion, vacated the default judgment and dismissed the complaint on the basis of plaintiff's failure to enter its default judgment within the one-year period set forth in CPLR 3215 (c) and because of the age of the case, the alleged lack of service and the fact that no effort had been made to collect on the judgment in favor of plaintiff for nearly 20 years. Plaintiff appeals. Plaintiff thereafter moved for reargument, contending, *inter alia,* that Supreme Court had inadvertently failed to consider the fact that 20 USC § 1091a[1] preempts the field of guaranteed student loans and eliminates all State Statutes of Limitations for commencing suit, entering judgment following a default in appearing, pleading or proceeding, or enforcing a judgment in an action seeking damages due to a default in repaying a guaranteed student loan. Supreme Court denied the motion.

■ As a threshold matter, we conclude that plaintiff did not fail to preserve its contention concerning the preemptive effect of 20 USC § 1091a. As correctly contended by plaintiff, defen-

---

1. As relevant here, 20 USC § 1091a (a) provides:

"(1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

"(2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by [a guaranty agency]."

dant first raised the issue of plaintiff's failure to timely enter a default judgment in his attorney's October 30, 1997 reply affidavit. Coincidentally, plaintiff asserted the preclusive effect of 20 USC § 1091a in a letter bearing the same date, reiterated its contention in a December 18, 1997 letter and then fully developed its argument in the January 1998 motion to reargue. Under the circumstances, it is our view that plaintiff raised the issue at the first available opportunity, thereby preserving it for our consideration.

Turning now to the merits, we agree with plaintiff's contention that because of the preemptive operation of 20 USC § 1091a, plaintiff's failure to enter a default judgment within one year does not provide a basis for vacatur of the judgment subsequently entered in favor of plaintiff. The applicability of 20 USC § 1091a to the one-year limitation period of CPLR 3215 (c) was specifically recognized by this Court in the closely parallel case of *State of New York v Shaw* (189 AD2d 1057) and cannot be seriously challenged at this point. Rather, it is defendant's contention that, because this action was not pending as of the April 9, 1991 effective date of the subject amendment to 20 USC § 1091a (Pub L 102-26, § 3 [c]; Pub L 102-325, tit XV, § 1551; *see, State of N. Y. Higher Educ. Servs. Corp. v Starr*, 179 AD2d 992, 993, *lv denied* 80 NY2d 757), 20 USC § 1091a (a) (1) and (2) have no application here.

While superficially appealing, we conclude that the argument ultimately fails. Although the action was technically terminated when the default judgment was entered in favor of plaintiff, the current motion seeks vacatur of that default judgment and that defendant be permitted to defend the action and ultimately obtain judgment dismissing it based upon his discharge in bankruptcy, a claimed lack of personal jurisdiction or, most relevant here, because of plaintiff's failure to seek entry of the default judgment within the one-year limitations period (*see*, CPLR 3215 [c]). In our view, neither equity nor logic will permit defendant to currently seek dismissal of the action based upon alleged noncompliance with a State limitations period and at the same time argue that the action was terminated prior to April 9, 1991 and thus not pending on that date. Defendant simply cannot take the position that the action terminated with the entry of the default judgment in favor of plaintiff but at the same time contend that the default judgment is a nullity and thus subject to vacatur. The flaw in defendant's logic may be readily seen in the fact that, had plaintiff *never* sought entry of a default judgment, its noncom-

pliance with the limitations period of CPLR 3215 (c) would have been far greater, but there would be no basis for defendant's claim that 20 USC § 1091a is inapplicable. Based upon the foregoing analysis, we conclude that defendant is precluded from seeking vacatur of the default judgment or dismissal of the action based upon plaintiff's failure to timely seek entry of a default judgment or to enforce the judgment once it was obtained.[2]

■ ■ Turning to the question of personal jurisdiction, we note that plaintiff's affidavit of service shows that efforts were made at personal service on two different weekdays and on a Saturday, at three different times of the day, i.e., 6:30 P.M., 3:00 P.M. and 8:55 A.M. The affidavit also shows that the process server spoke with a neighbor of defendant and confirmed the correct location of his residence. Under the circumstances, we conclude that plaintiff satisfied the "due diligence" requirement of CPLR 308 (4) (see, *Hanover New England v MacDougall*, 202 AD2d 724, 725, *lv dismissed* 83 NY2d 907) and that plaintiff has made a prima facie showing of proper "nail and mail" service upon defendant (see, *id.*). As a final matter, it is our view that defendant's motion to vacate the default judgment based upon his alleged nonreceipt of the summons was untimely. CPLR 317 will not permit vacatur of a default judgment based upon nonreceipt of the summons more than five years following entry of the default judgment. In this case, defendant's motion was made more than 18 years following entry of the judgment against him.

Crew III, Peters, Spain and Carpinello, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.

---

2. That conclusion has support in our prior decision in *State of New York v Shaw* (189 AD2d 1057, *supra*). Our review of the record on appeal in that case reflects that the defendant was served with the complaint in November 1988 and a default judgment was entered in favor of the plaintiff in January 1990. The defendant moved to vacate the default judgment in October 1991 and we held that the motion was properly denied because 20 USC § 1091a applied (*id.*).