■ In the Matter of JEROME VERDELL, Petitioner, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [691 NYS2d 679] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner was issued a license to practice medicine in New York in 1987. In 1993, the Department of Social Services excluded petitioner from the Medicaid program for a period of two years based upon affirmed findings that in the course of his treatment of 25 patients petitioner had submitted or caused to be submitted false claims for unfurnished and/or unnecessary services in violation of 18 NYCRR 515.2 (b) (1) (i) (a) and

---

(c), failed to maintain records necessary to fully disclose the medical necessity for and the nature and extent of the medical care, services or supplies furnished, or to otherwise comply with the requirements of title 18 of the NYCRR (18 NYCRR 515.2 [b] [6]), and failed to meet professionally recognized standards for health care in violation of 18 NYCRR 515.2 (b) (12). Then, in 1997, petitioner was convicted in Federal court of three counts of failing to file tax returns for the tax years 1989, 1990 and 1991.

Based upon the foregoing adjudication and conviction, petitioner was charged pursuant to Public Health Law § 230 (10) (p) with professional misconduct in violation of Education Law § 6530 (9) (c) (having been found guilty in an adjudicatory proceeding of violating a State or Federal statute or regulation) and Education Law § 6530 (9) (a) (ii) (having been convicted of an act constituting a crime under Federal law). A hearing was conducted on September 9, 1997 before a Hearing Committee of the State Board for Professional Medical Conduct. Notably, petitioner failed to appear at the hearing. Following its receipt of documentary evidence establishing that petitioner was personally served with the statement of charges and notice of hearing as well as the adjudicatory and criminal dispositions forming the basis for the charges against petitioner, the Hearing Committee sustained both specifications of professional misconduct and revoked petitioner's license to practice medicine.

Following petitioner's receipt of the determination and order of the Hearing Committee, and alleging that he had never received notice of the hearing, petitioner sought review by the Administrative Review Board for Professional Medical Conduct. Concluding that the courts provide the appropriate forum to determine whether petitioner was personally served with appropriate notice of the hearing, the Review Board declined to consider that issue but sustained the Hearing Committee's determination revoking petitioner's license. Petitioner then brought this CPLR article 78 proceeding challenging the Review Board's determination upon the ground that the failure to personally serve him with notice of the September 9, 1997 hearing deprived him of due process and violated Public Health Law § 230 (10) (d), and seeking vacatur of the Hearing Committee's determination and order.

We are not persuaded. Due process does not require that the subject of a disciplinary proceeding be present at a hearing; rather, it is sufficient that such person receive " ' notice reasonably calculated, under all the circumstances, to apprise [him or

her] of the pendency of the action and afford [him or her] an opportunity to present * * * objections' " (*Silverstein v Minkin*, 49 NY2d 260, 263, quoting *Mullane v Central Hanover Trust Co.*, 339 US 306, 314). Notably, an affidavit of a process server specifying personal service constitutes prima facie evidence of proper service (*see, Matter of Shaune TT.*, 251 AD2d 758; *New York State Higher Educ. Servs. Corp. v Ayanru*, 249 AD2d 701).

Here, respondents have furnished an affidavit of a process server attesting to personal service of the notice of hearing and statement of charges upon an individual who identified himself as Jerome Verdell, M.D. on August 7, 1997 at 346 St. Marks Avenue, Freeport, New York, which the record establishes to have been petitioner's residence address. In opposition, petitioner does not claim that the physical description set forth on the affidavit of service is inaccurate or that he was not present at his home on the date and time stated. Further, petitioner has submitted no evidence raising a legitimate issue as to whether service was effected in the manner set forth in the affidavit of service.* We therefore conclude that petitioner was given proper notice of the hearing (*see, Electric Ins. Co. v Grajower*, 256 AD2d 833, 835-836, *lv dismissed* 93 NY2d 848; *Sando Realty Corp. v Aris*, 209 AD2d 682).

Finally, petitioner's challenge to the penalty imposed is found to be unavailing. Under the circumstances present here, we cannot say that the Review Board's determination to impose the sanction of revocation is not supported by the record (*see, Matter of Capote v DeBuono*, 241 AD2d 570, 571-572).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner's contention, raised for the first time at oral argument, that the affidavit of service set forth an incorrect hearing date is found to be entirely specious. First, as can be seen by examining a second and more legibly reproduced copy of the affidavit of service at page 24 of the record on appeal, the correct hearing date was set forth on the affidavit of service. Second, and somewhat more to the point, it was not the function of the affidavit of service to apprise petitioner of the date of the hearing. It is undisputed that the July 28, 1997 notice of hearing, which did serve that function, set forth the correct hearing date.