■ In the Matter of A. ALEXANDER JACOBY, Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [743 NYS2d 192] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner's license to practice medicine was suspended in August 1999 for his failure to repay federal student loans. When he failed to surrender his license or respond to letters from the Department of Health, respondent commenced a second disciplinary proceeding against him (*see*, Education Law § 6530 [16], [28]). Following a hearing at which petitioner did not appear, the charges were sustained and his license was

revoked. Petitioner then commenced this CPLR article 78 proceeding. Because we find merit to petitioner's claim that respondent deprived him of due process by improperly serving the notice of hearing and statement of charges against him, respondent's determination must be annulled.

The subject of a disciplinary proceeding must be afforded reasonable notice and an opportunity to be heard (*see, Matter of Verdell v DeBuono*, 262 AD2d 812, 813-814). As to physicians, Public Health Law § 230 (10) (d) prescribes the following notice: "A copy of the charges and the notice of the hearing shall be served on the licensee personally by the board at least twenty days before the hearing. If personal service cannot be made after *due diligence* and such fact is certified under oath, a copy of the charges and the notice of hearing shall be served by registered or certified mail to the licensee's last known address by the board at least fifteen days before the hearing" (emphasis supplied). Here, a notice of hearing and statement of charges were mailed to petitioner's brother and prior legal counsel, Ross Jacoby, at Jacoby's former office address. A process server then made one unsuccessful attempt to personally serve petitioner at Jacoby's same former office address, and two additional mailings were later made to that same address.

While the requirements of "due diligence" in attempting to make personal service are not rigidly prescribed (*see, Hanover New England v MacDougall*, 202 AD2d 724, 725, *lv dismissed* 83 NY2d 907), we conclude that respondent's efforts were insufficient to afford due process under the circumstances presented here. Although Jacoby represented petitioner in the prior proceeding and received notice in the second proceeding, there is no evidence that petitioner authorized Jacoby to accept process on his behalf (*see, Donaldson v Melville*, 124 AD2d 361, 362, *lv denied* 69 NY2d 604). If Jacoby had been so authorized, the service would still be insufficient because it was by mail rather than personal delivery (*see,* CPLR 308 [3]).

Respondent nevertheless contends that personal service could not reasonably be made despite due diligence, thus condoning its use of certified mailing to petitioner's "last known address." We cannot agree. There is no evidence of any reason to believe that petitioner could be served at Jacoby's former office address. Only one attempt at personal delivery was made at that address (*see, Janko Pool Serv. v Berelson*, 145 AD2d 897, 899), resulting in the process server's report that petitioner was unknown there and that Jacoby had moved his office several months earlier. Despite the process server's report, the subsequent certified mailings were sent to that

same address, and there is no evidence of any further attempt to ascertain petitioner's New York address. Since the record discloses that respondent possessed license registration documents from the Department of Education listing a "permanent address" for petitioner in Rego Park, New York, it is significant that respondent offers no explanation why service was not attempted at that address (*see, Silber v Stein*, 287 AD2d 494, 495; *Serrano v Serrano*, 186 AD2d 912, 913). In view of the foregoing, and in the absence of any evidence that petitioner received actual notice of the hearing, we find that he was deprived of the due process protection afforded by Public Health Law § 230 (10) (d).

As this finding requires annulment of respondent's determination, we need address only one other issue raised by petitioner. While effective service by certified mailing of the August 1999 order suspending his license has been established (*see*, Public Health Law § 230 [10] [h]), there is no return receipt in the record. Accordingly, respondent cannot dispute petitioner's denial of receipt of the order. Since petitioner's time to surrender his license would have begun to run only upon such receipt (*see, id.*), the record does not support respondent's finding that petitioner failed to surrender his license within the prescribed time period.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.