■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v SUZY J. SPAROZIC, Appellant. [826 NYS2d 493]—

Spain, J. Appeals (1) from an order of the Supreme Court (Spargo, J.), entered August 19, 2005 in Albany County, which denied defendant's motion to vacate a default judgment entered against her, and (2) from an order of said court, entered October 4, 2005 in Albany County, which denied defendant's motion for reconsideration.

In September 1983, plaintiff commenced this action seeking reimbursement of moneys paid as guarantor of a student loan owed by defendant. Plaintiff used the "affix and mail" method of service of process on defendant (*see* CPLR 308 [4]). Defendant failed to appear and, in March 1984, plaintiff obtained a default judgment against her. Over 21 years later, defendant, acting pro se, moved to vacate the default judgment and sought other relief. Supreme Court denied the motion and upheld that decision upon reconsideration. On defendant's appeal, we affirm.

Defendant's motion to vacate the default judgment pursuant to CPLR 317 clearly is untimely, as that statute requires action within five years of entry of the default judgment (*see State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333, 337 [1999]). Further, we find that defendant had actual notice of the default judgment as early as 1993, thus, her 2005 motion to vacate the default judgment pursuant to CPLR 5015 (a) (1)—which permits vacatur of a judgment on the ground of excusable default within one year—is also untimely (*see Wechsler v Kulukundis*, 130 AD2d 892, 893 [1987]). In any event, defendant has failed to offer a reasonable excuse for the default, which precludes reliance on CPLR 5015 (a) (1) (*see Mothon v ITT Hartford Group*, 301 AD2d 999, 1000 [2003]). However, defendant's argument that the judgment is a nullity because personal jurisdiction was never obtained over her must be entertained even at this late juncture (*see* CPLR 5015 [a] [4]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3, at 465; *see e.g. State of N.Y. Higher Educ. Servs. Corp. v Upshur, supra* at 337).

First, defendant argues that personal jurisdiction was not obtained because her name was misspelled on the summons with notice and affidavit of service. From the record copy of the summons with notice, it appears that the perceived mistake in spelling defendant's last name is either the result of a faulty typewriter, fading of the typeface over the years or simply an unclear copy which reveals only part of the "R" and "O" in defendant's last name. Even as reproduced in the record, we find the document sufficient to identify defendant and, in any event, hold that "such a misnomer [would be] a mere irregularity which in no way affects jurisdiction" (*Marine Midland Realty Credit Corp. v Welbilt Corp.*, 145 AD2d 84, 89 [1989]; *see Household Fin. Realty Corp. of N.Y. v Emanuel*, 2 AD3d 192, 193 [2003]; *Smith v Hennesey*, 266 AD2d 692, 692 n [1999]; *Pallette Stone Corp. v Ebert*, 210 AD2d 807, 808 [1994]). Defendant's reliance on the fact that the affidavit of service indicates that her last name is "Sparozio" rather than "Sparozic" also is unavailing, as a misstatement on the affidavit of service goes only to the evidentiary value of the affidavit and does not impact the court's jurisdiction over defendant (*see generally* CPLR 306).

Second, defendant takes issue with the manner in which service was accomplished. Where diligent efforts have been made but have not accomplished personal service on the defendant or another person of suitable age and discretion at the defendant's home or place of business, service may be made "by affixing the summons to the door of either the actual place of business,

dwelling place or usual place of abode" of the defendant and by then mailing the summons to defendant as well (CPLR 308 [4]). Defendant argues that because the summons with notice was affixed to the outer door of the household where she resided, rather than to the door of the room she rented, service was ineffective. We disagree. It does not appear that defendant's room was reflected as an independent apartment in the property address or otherwise held out as a distinguishable dwelling unit. Defendant does not dispute that the summons with notice was affixed to the entrance she utilized and does not suggest that such entrance was open to the public at large. Under these circumstances, we find that plaintiff's process server acted reasonably—and within the statutory requirements—in affixing the summons with notice to the outer door to the household (*see e.g. Roldan v Thorpe*, 117 AD2d 790, 792-793 [1986], *appeal dismissed* 68 NY2d 663 [1986]; *see also F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797-798 [1977]; *Charnin v Cogan*, 250 AD2d 513, 516 [1998]; Siegel, NY Prac § 74, at 119 [4th ed 2005]; *cf. Biological Concepts v Rudel*, 159 AD2d 32, 34 [1990]).

Defendant also argues that it was improper for plaintiff to utilize the "affix and mail" method of service because diligent efforts had not been made to personally deliver the summons to defendant or a person of suitable age and discretion at her residence or place of business (*see* CPLR 308 [1], [2], [4]). "[T]he requirements of 'due diligence' in attempting to make personal service are not rigidly prescribed" and we have never established a precise, minimum number of attempts at service which are necessary (*Matter of Jacoby v New York State Bd. for Professional Med. Conduct*, 295 AD2d 655, 656 [2002]). Nevertheless, a careful review of our case law indicates that, whereas "two attempts to serve a person during working hours does not satisfy the due diligence requirements of CPLR 308 (4)" (*State of N.Y. Higher Educ. Servs. Corp. v Cacia*, 235 AD2d 986, 987 [1997]), "efforts . . . made at personal service on two different weekdays and on a Saturday, at three different times of day, i.e., 6:30 P.M., 3:00 P.M. and 8:55 A.M.," were found sufficient (*State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333, 337 [1999], *supra*).

Here, plaintiff did not attempt personal service on a weekend but, according to the process server's affidavit, efforts were made to reach defendant at her residence on three different weekdays at different times of day, i.e., 7:30 A.M., the following evening at 7:15 P.M., and two weeks later at 10:10 A.M. Although this scenario presents a very close case, we find that the fact

that an attempt was made and followed up by an attempt 36 hours later reflects an effort to catch defendant while not at work or in transit. Further, the process server confirmed defendant's address by speaking to a neighbor. Under these circumstances, we find that the due diligence requirement of CPLR 308 (4) was met (*see id.*; *Hanover New England v MacDougall*, 202 AD2d 724, 725 [1994], *lv dismissed* 83 NY2d 907 [1994]; *cf. Smith v Wilson*, 130 AD2d 821, 822 [1987]).

Having concluded that personal jurisdiction was obtained over defendant, we find that her remaining contentions were properly dismissed as untimely.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.