■ MAINES PAPER & FOOD SERVICE, INC., Respondent, v BOULEVARD BURGERS CORPORATION, Individually and Doing Business as BURGER KING #888, et al., Defendants, and MARK TUMMINELLO, Appellant. [861 NYS2d 808]—

Cardona, P.J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 26, 2007 in Broome County, which denied defendant Mark Tumminello's motion to vacate the default judgment entered against him.

In 2005, plaintiff commenced this action seeking to recover sums owed by the corporate defendants for goods that were sold and delivered to them. As relevant herein, the goods were supplied pursuant to various credit applications signed by defendant Mark Tumminello (hereinafter defendant), an officer and shareholder of those corporations, with his personal guaranty. In order to commence litigation against defendant individually, plaintiff hired a process server, John Savage, who attempted to personally serve defendant at the "home address" listed on his credit applications, i.e., 97 Cricket Club Drive in the Village of Roslyn, Nassau County. Between June 20, 2005 and July 21, 2005, Savage attempted service on at least five separate occasions at various times, but no one answered the door. During one of the attempts, Savage spoke to a neighbor who confirmed that "Mr. Tumminello" lived there. Savage also spoke to defendant's bookkeeper, who, while not authorized to accept service, confirmed that defendant lived at the Cricket Club Drive address. Thereafter, Savage utilized the "nail and mail" method of service (see CPLR 308 [4]) by affixing a copy of the pleadings to the door of the above address on August 11, 2005. A copy was also mailed to that same address on August 16, 2005, which was not returned by the post office.

Failing to hear from defendant, plaintiff moved for a default judgment against him, which was granted in October 2005. Subsequently, defendant moved to dismiss the action, asserting, among other things, that plaintiff failed to obtain personal ju-

risdiction over him. Supreme Court ordered a traverse hearing, after which the court found that personal jurisdiction had been obtained. The court also declined defendant's alternative request to vacate the underlying default judgment, prompting this appeal.

Initially, we find no basis to disturb Supreme Court's conclusion that plaintiff exercised due diligence prior to utilizing the "nail and mail" method of service. "Where diligent efforts have been made but have not accomplished personal service on the defendant or another person of suitable age and discretion at the defendant's home or place of business, service may be made 'by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode' of the defendant and by then mailing the summons to [the] defendant as well" (*State of N.Y. Higher Educ. Servs. Corp. v Sparozic*, 35 AD3d 1069, 1070-1071 [2006], *lv dismissed* 8 NY3d 958 [2007], quoting CPLR 308 [4]). "[D]ue diligence . . . refers to the quality of the efforts made to effect personal service, . . . not to their quantity or frequency" (*Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007] [internal quotation marks and citations omitted]).

Here, not only did Savage make numerous attempts to serve defendant at the address provided in defendant's credit applications, but, prior to sending the process server to the subject property, plaintiff's counsel, among other things, conducted a search of the Secretary of State database, which also verified defendant's home address as the subject property. Other sources also list that address as defendant's home address, including a Lexis search which revealed that defendant owned the subject property and it was owner-occupied. Defendant testified at the traverse hearing that his actual residence was in Shohola, Pennsylvania, and that, while he did own the Cricket Club Drive address, he currently rented it to his brother. Nevertheless, defendant also conceded that he listed the property as his home address in his credit applications and acknowledged that he still made use of the property for at least a couple of hours each week, slept there on occasion and maintained a telephone number therein. Under all the circumstances, Supreme Court did not err by concluding that the requirements of personal jurisdiction pursuant to CPLR 308 (4) were met (*see Marballie v Lefrak*, 201 AD2d 707, 708 [1994]; *State of N.Y. Higher Educ. Servs. Corp. v Starr*, 115 AD2d 828, 828-829 [1985]).

Turning to defendant's alternative argument that Supreme Court incorrectly denied his request to vacate the default

judgment, we are similarly unpersuaded. Significantly, in order to be relieved of a default judgment, the moving party must, among other things, "establish that there was a . . . meritorious claim or defense" (*Kranenburg v Butwell*, 34 AD3d 1005, 1006 [2006] [internal quotation marks and citations omitted]). Here, in asserting that a meritorious defense exists, defendant relies upon a disputed clause he added to the subject personal guaranties, which stated, "Notwithstanding the foregoing, this Guaranty will only be effective in the event a check delivered . . . to [plaintiff] is returned for insufficient funds." According to defendant, the term "check" in that phrase only applied to "paper checks" and, since the only method of payment that occurred between the parties herein was through automatic check handling or "electronic" checks, he cannot be held personally liable for the default in payment by the corporate defendants. We disagree. Assuming, arguendo, that the clause in question was properly added and the word "check" could be considered ambiguous, the alleged ambiguity must be construed against defendant as the drafter (*see Matter of Saranac Cent. School Dist. [Sweet Assoc.]*, 253 AD2d 566, 567 [1998], *lv denied* 92 NY2d 820 [1999]). Therefore, the term "check" must be interpreted as including electronic checks, a conclusion reinforced by the fact that this was the only method of payment employed by the parties. Given defendant's failure to present proof of a meritorious defense, Supreme Court did not abuse its discretion in denying the motion to vacate the default judgment (*see Kranenburg v Butwell*, 34 AD3d at 1006).

Defendant's remaining contentions, including his claim that the default judgment entered against him is invalid because the complaint failed to state a sum certain as required by CPLR 3215 (a), have been examined and found to be without merit.

Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.