Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Elliott III, J.), entered April 17, 2015 in Greene County, which, among other things, granted a motion by defendant Trailside at Hunter, LLC for reconsideration, and (2) from an order of said court (Fisher, J.), entered June 24, 2015 in Greene County, which granted defendant Richard Rem’s motion to vacate a deficiency judgment entered against him, and (3) from an order of said court (Fisher, J.), entered February 29, 2016 in Greene County, which, among other things, denied plaintiff’s motion for renewal.
In August 2011, NBT Bank, N.A. commenced a mortgage foreclosure action against, among others, defendant Trailside at Hunter, LLC and defendant Richard Rem (hereinafter collectively referred to as defendants) based upon, among other things, defendants’ failure to tender the required payments on the mortgages/guarantees governing certain parcels of land comprising a condominium development in the Town of Hunter, Greene County. Thereafter, in March 2013, Supreme Court (Elliott III, J.) issued a judgment of foreclosure and sale in favor of the bank, and the subject parcels subsequently were sold by the appointed referee at a public auction in July 2013. In December 2013, plaintiff, as the bank’s assignee, moved for an order confirming the referee’s report of sale and for a deficiency judgment against, among others, defendants. Supreme Court *1318 granted plaintiffs application, resulting in a deficiency judgment of $569,613.37, plus interest.*
In March 2014, plaintiff moved for an order pursuant to CPLR 5225 (a) seeking to compel defendants to turn over 200 shares of certain common stock — allegedly owned by Trailside and in the possession of either Trailside or Rem — to be applied toward the outstanding deficiency judgment. Supreme Court granted the motion as to Trailside — directing that the subject shares be relinquished to plaintiff’s attorney — and denied the motion as to Rem, finding that the latter had not been properly served. Trailside subsequently moved for reconsideration, contending that Supreme Court erred in directing that the shares of stock be turned over to plaintiffs attorney instead of a designated sheriff (see CPLR 5225 [a]) and offering additional affidavits in support of its position that it no longer owned or possessed the stock in question. By order entered April 17, 2015, Supreme Court granted Trailside’s motion, agreeing that it misapplied the law as to the turnover of the stock and, more to the point, finding that Trailside had now established that it no longer owned or possessed such stock.
In the interim, Rem moved to vacate the deficiency judgment entered against him — contending, among other things, that plaintiff failed to obtain personal jurisdiction over him. By order entered June 24, 2015, Supreme Court (Fisher, J.) granted Rem’s motion, finding, among other things, that plaintiff failed to demonstrate that it exercised due diligence prior to resorting to the “nail and mail” provisions of CPLR 308 (4). Plaintiff then moved for, among other things, renewal of the court’s order vacating the deficiency judgment against Rem. By order entered February 29, 2016, Supreme Court, among other things, denied plaintiff’s motion for renewal. Plaintiff now appeals from (1) the April 2015 order granting Trailside’s motion for reconsideration, (2) the June 2015 order vacating the deficiency judgment against Rem, and (3) the February 2016 order, which, among other things, denied plaintiff’s motion for renewal.
We begin with plaintiff’s appeal from the April 2015 order of Supreme Court (Elliott III, J.) granting Trailside’s motion for reconsideration of the court’s prior order directing Trailside to turn over certain shares of common stock to plaintiff’s attorney. To the extent that plaintiff’s motion for reconsideration sought leave to reargue, “[a] motion to reargue is premised upon the *1319 theory that the court has overlooked significant facts or misapplied the law in its original decision” (Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation, 229 AD2d 650, 651 [1996]; see Valiando v Catalfamo, 138 AD3d 1271, 1272-1273 [2016]). On the other hand, to the extent that plaintiff’s motion sought leave to renew, such a motion “must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted” (Howard v Stanger, 122 AD3d 1121, 1123 [2014] [internal quotation marks and citations omitted], lv dismissed 24 NY3d 1210 [2015]; see Valiando v Catalfamo, 138 AD3d at 1273). In either case, the motion is addressed to the court’s sound discretion (see e.g. Premo v Rosa, 93 AD3d 919, 920 [2012]; Matter of Ellsworth v Town of Malta, 16 AD3d 948, 949 [2005]).
Supreme Court granted the reargument portion of Trailside’s motion, candidly acknowledging that it had misapplied the provisions of CPLR 5225 (a) in directing that the shares of stock be turned over to plaintiff’s attorney instead of a designated sheriff as required by the statute. In light of the statutory requirements, we cannot say that Supreme Court abused its discretion in granting this branch of Trailside’s motion (see generally Loris v S & W Realty Corp., 16 AD3d 729, 730 [2005]). Supreme Court also granted the renewal portion of Trailside’s motion, which was supported by numerous affidavits and — more to the point — the assignment of debt and contract of sale governing the conveyance of subject shares of stock to Manhattan Foreclosure, LLC. In so doing, Supreme Court accepted Trailside’s proffered excuse as to why such documents were not tendered in opposition to plaintiff’s turnover application — namely, that such documents were in the possession of a nonparty at the time that plaintiff’s motion was filed and that Trailside’s then newly retained counsel lacked sufficient time to gather the necessary information and documents prior to the return date of plaintiff’s motion. Given that Trailside offered evidence establishing that it no longer owned or possessed the common stock at issue and articulated a valid excuse for not tendering such proof in the first instance, we discern no abuse of discretion in Supreme Court’s decision to grant the renewal aspect of Trailside’s motion (see generally Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566 [2010]; De Cicco v Longendyke, 37 AD3d 934, 935 [2007]). Accordingly, Supreme Court’s April 2015 order granting Trailside’s motion for reconsideration is affirmed.
We reach a similar conclusion with respect to the June 2015 *1320 order of Supreme Court (Fisher, J.) granting Rem’s motion to vacate the deficiency judgment entered against him. CPLR 5015 (a) (4) permits a court that has rendered a judgment or order to “relieve a party from [the provisions thereof) upon such terms as may be just . . . upon the ground of. . . lack of jurisdiction to render the judgment or order” in the first instance (see Ariowitsch v Johnson, 114 AD2d 184, 185-186 [1986]). “A motion to vacate a prior judgment or order is addressed to the court’s sound discretion, subject to reversal only where there has been a clear abuse of that discretion” (Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [2016] [internal quotation marks and citations omitted]). As the record establishes that plaintiff failed to comply with the service provisions of RPAPL 1371 (2) and CPLR 308 (4) and, hence, did not obtain personal jurisdiction over Rem, Supreme Court properly exercised its discretion in vacating the deficiency judgment entered against Rem.
RPAPL 1371 (2) provides, in pertinent part, that a motion for leave to enter a deficiency judgment “shall be served personally or in such other manner as the court may direct” upon, as relevant here, “the party against whom such judgment is sought.” Such service, in turn, may be accomplished consistent with the provisions of CPLR 308 (see Citibank v Demadet, 243 AD2d 532, 533 [1997]). To that end, CPLR 308 (4) provides that where personal service under either CPLR 308 (1) or (2) “cannot be made with due diligence,” service then may be effectuated via “nail and mail” service, “which entails affixing the summons to the door of the defendant’s ‘actual place of business, dwelling place or usual place of abode,’ and by mailing the summons either to the defendant’s last known residence or actual place of business” (McSorley v Spear, 50 AD3d 652, 653 [2008], lv denied 10 NY3d 715 [2008], quoting CPLR 308 [4]; see Serraro v Staropoli, 94 AD3d 1083, 1084 [2012]; State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1070-1071 [2006], lv dismissed 8 NY3d 958 [2007]; Smith v Wilson, 130 AD2d 821, 821 [1987]).
While the precise manner in which due diligence is to be accomplished is “not rigidly prescribed” (State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d at 1071 [internal quotation marks and citation omitted]), the requirement that due diligence be exercised “must be strictly observed, given the reduced likelihood that a summons served pursuant to [CPLR 308 (4)] will be received” (McSorley v Spear, 50 AD3d at 653 [internal quotation marks and citation omitted]; see Serraro v Staropoli, 94 AD3d at 1084; Smith v Wilson, 130 AD2d at 822). *1321 “What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality” (McSorley v Spear, 50 AD3d at 653 [citation omitted]; accord Serraro v Staropoli, 94 AD3d at 1084; see Maines Paper & Food Serv., Inc. v Boulevard Burgers Corp., 52 AD3d 1150, 1151 [2008]), and the plaintiff, who bears the burden of establishing that personal jurisdiction over the defendant was acquired (see Smith v Wilson, 130 AD2d at 822), must show “that the process server made genuine inquiries about the defendant’s whereabouts and place of employment” (Estate of Waterman v Jones, 46 AD3d 63, 66 [2007]; accord Serraro v Staropoli, 94 AD3d at 1085).
Here, the record reflects that plaintiffs process server attempted to serve defendant at a particular residence in Evanston, Illinois on three occasions — on December 10, 2013 at 8:59 p.m., on December 11, 2013 at 5:17 p.m. and on December 13, 2013 at 4:19 p.m. Although the parties debate whether the subject residence actually constituted Rem’s dwelling place or usual place of abode and, hence, whether the documents in question were properly affixed thereto, this issue need not detain us, as we agree with Supreme Court that the underlying service attempts — all of which occurred on weekdays and two of which occurred during hours that Rem reasonably could be expected to be either at or in transit from work — fall short of establishing due diligence in the first instance (see Serraro v Staropoli, 94 AD3d at 1085; McSorley v Spear, 50 AD3d at 653-654; Smith v Wilson, 130 AD2d at 821-822; compare Maines Paper & Food Serv., Inc. v Boulevard Burgers Corp., 52 AD3d at 1151; State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d at 1071-1072; Hanover New England v MacDougall, 202 AD2d 724, 725 [1994], lv dismissed 83 NY2d 907 [1994]). For this reason alone, Supreme Court properly concluded that plaintiff, having failed to comply with the service requirements of RPAPL 1371 (2) and CPLR 308 (4), did not obtain personal jurisdiction over Rem. Accordingly, the court was well within its discretion in granting Rem’s motion to vacate the deficiency judgment entered against him and, as such, Supreme Court’s June 2015 order is affirmed.
Finally, we find no merit to plaintiff’s arguments relative to its subsequent motion for reconsideration of Supreme Court’s June 2015 order. As to the reargument branch of the motion, Supreme Court acknowledged that it had misapprehended certain facts in rendering its June 2015 order, but concluded that such misapprehensions did not alter its substantive finding that plaintiff failed to acquire personal jurisdiction over *1322 Rem. Hence, “notwithstanding language in the order indicating that reargument was denied” (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]), we deem Supreme Court to have granted the reargument branch of plaintiff’s motion and adhered to its prior decision (see Matter of Hawthorne v Stanford, 135 AD3d 1036, 1037 n 1 [2016]) — a determination that we discern no basis upon which to disturb. We reach a similar conclusion with respect to Supreme Court’s denial of the balance of plaintiff’s motion, as plaintiff otherwise failed to, among other things, meet its burden on its motion for renewal. Plaintiff’s remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Rose, Devine and Aarons, JJ., concur.
Ordered that the orders are affirmed, with costs.

 The deficiency judgment was entered against, among others, defendants in Greene County and thereafter was registered and filed as a foreign judgment against Rem in Cook County in Illinois.