Jason Crane Landscaping, Inc., Respondent,
against
Derek Wolman and Karen Wolman, Appellants.




Davidoff, Hutcher & Citron, LLP (Andrew K. Rafalaf of counsel), for appellants.
Karen E. Gunkel and Tara A. Kavanagh of counsel, for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P.
Flanagan, J.), dated May 24, 2016. The order, following a hearing, denied defendants' motion to
dismiss the complaint pursuant to CPLR 3211 (a) (8), or for alternative relief.




ORDERED that the order is reversed, without costs, and the branch of defendants' motion
seeking to dismiss the complaint pursuant to CPLR 3211 (a) (8) is granted. 
In October 2015, plaintiff commenced this action to recover for landscaping services
rendered to defendants at their vacation home in 2014, and based on an account stated.
Defendants moved to, among other things, dismiss the complaint pursuant to CPLR 3211 (a) (8),
alleging that they had not been properly served with the summons and complaint pursuant to
CPLR 308 (4). By order dated May 24, 2016, the District Court, following a traverse hearing and
notwithstanding that the process server had admitted being told by a neighbor that defendants had
not been seen at the vacation home "in a while," denied defendants' motion.
"CPLR 308 (4) provides that where personal service under either CPLR 308 (1) or
(2) 'cannot be made with due diligence,' service then may be effectuated via 'nail and mail'
service, 'which entails affixing the summons to the door of the defendant's "actual place of
business, dwelling place or usual place of abode," and by mailing the summons either [*2]to the defendant's last known residence or actual place of business'
(McSorley v Spear, 50 AD3d 652, 653 [2008], lv denied 10 NY3d 715 [2008],
quoting CPLR 308 [4]; see Serraro v Staropoli, 94 AD3d 1083, 1084 [2012]; State of
NY Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1070-1071 [2006], lv
dismissed 8 NY3d 958 [2007]; Smith v Wilson, 130 AD2d 821, 821
[1987]).
While the precise manner in which due diligence is to
be accomplished is 'not rigidly prescribed' (State of NY Higher Educ. Servs. Corp. v
Sparozic, 35 AD3d at 1071 [internal quotation marks and citation omitted]), the requirement
that due diligence be exercised 'must be strictly observed, given the reduced likelihood that a
summons served pursuant to [CPLR 308 (4)] will be received' (McSorley v Spear, 50
AD3d at 653 [internal quotation marks and citation omitted]; see Serraro v Staropoli, 94
AD3d at 1084; Smith v Wilson, 130 AD2d at 822). 'What constitutes due diligence is
determined on a case-by-case basis, focusing not on the quantity of the attempts at personal
delivery, but on their quality' (McSorley v Spear, 50 AD3d at 653 [citation omitted];
accord Serraro v Staropoli, 94 AD3d at 1084; see Maines Paper & Food Serv.,
Inc. v Boulevard Burgers Corp., 52 AD3d 1150, 1151 [2008]), and the plaintiff, who bears
the burden of establishing that personal jurisdiction over the defendant was acquired (see
Smith v Wilson, 130 AD2d at 822), must show 'that the process server made genuine
inquiries about the defendant's whereabouts and place of employment' (Estate of Waterman v
Jones, 46 AD3d 63, 66 [2007]; accord Serraro v Staropoli, 94 AD3d at 1085)"
(Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1320-1321
[2017]).
In the instant matter, we find that plaintiff failed to establish
compliance with CPLR 308 (4) in that it did not show that it had made genuine inquiries into
defendants' whereabouts prior to resorting to the "nail and mail" service.
Accordingly, the order is reversed and the branch of defendants' motion seeking to dismiss
the complaint pursuant to CPLR 3211 (a) (8) is granted.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018