State of New York v Summers (2022 NY Slip Op 06974)

State of New York v Summers

2022 NY Slip Op 06974

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

534039
[*1]State of New York, Respondent,
v
Carlotta R. Summers, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Carlotta R. Summers, New York City, appellant pro se.
Letitia James, Attorney General, Albany (Jennifer L. Clark of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Christina L. Ryba, J.), entered June 9, 2021 in Albany County, which denied defendant's motion to vacate a default judgment.
Defendant was a student at the State University of New York at Fredonia during the 2008-2009 school year. Plaintiff commenced this action in July 2011, contending that defendant had failed to pay charges from her time at the college. After unsuccessful attempts to serve defendant or another person of suitable age and discretion at what the process server believed to be her residence, defendant was served via CPLR 308 (4) in August 2011. Defendant failed to appear and, in November 2011, plaintiff obtained a default judgment against her in the amount of $10,010.27. In 2021, defendant moved to vacate the default judgment. Supreme Court denied the motion, and defendant appeals.
We affirm. Initially, Supreme Court properly rejected defendant's motion to the extent that it was premised upon CPLR 317 or CPLR 5015 (a) (1). As the judgment was entered in November 2011 and served with notice of entry upon defendant the following month, her 2021 motion to vacate it was untimely under either provision (see Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [3d Dept 2016]; State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1070 [3d Dept 2006], lv dismissed 8 NY3d 958 [2007]). Further, although "Supreme Court retains inherent authority to vacate its own judgment or order 'in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired'" (Hayes v Village of Middleburgh, 140 AD3d at 1362, quoting Mathew v Mathew, 137 AD3d 1086, 1087 [2d Dept 2016]), the record reflects that defendant's state income tax refunds had been intercepted and applied to offset the judgment debt in 2015, 2018 and 2019 (see Tax Law § 171-f).[FN1] We agree with Supreme Court that defendant offered no plausible explanation as to why she waited until 2021 to seek vacatur given those facts and, as such, cannot say that Supreme Court abused its discretion in declining to exercise its inherent authority to vacate the judgment (see Matter of Broome County Dept. of Social Servs. v Royce Y., 200 AD3d 1524, 1526-1527 [3d Dept 2021]; Hayes v Village of Middleburgh, 140 AD3d at 1362).
Defendant's additional "argument that the judgment is a nullity because personal jurisdiction was never obtained over her must be entertained even at this late juncture" (State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d at 1070). Nevertheless, "[w]here diligent efforts have been made but have not accomplished personal service on the defendant or another person of suitable age and discretion at the defendant's home or place of business, service may be made 'by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode' of the defendant and by then mailing the summons to [the] defendant as well" (id. at 1070-1071, quoting CPLR 308 [4]; [*2]accord Maines Paper & Food Serv., Inc. v Boulevard Burgers Corp., 52 AD3d 1150, 1151 [3d Dept 2008]).
Plaintiff documented how it obtained the permanent address used by defendant while she was attending college and how, in July 2011, its process server confirmed with the United States Postal Service that defendant still received mail at that address. The affidavit of service reflects that the process server proceeded to make three attempts on different days and times to accomplish personal service before resorting to nail and mail service — on Saturday, August 13, 2011, at 7:45 a.m.; Monday, August 15, 2011, at 7:50 p.m.; and Tuesday, August 16, 2011, at 5:45 p.m. — but that neither defendant nor another person of suitable age and discretion could be located. The foregoing reflects "that plaintiff satisfied the due diligence requirement of CPLR 308 (4) and that plaintiff has made a prima facie showing of proper nail and mail service upon defendant" (State of N.Y. Higher Educ. Servs. Corp. v Upshur, 252 AD2d 333, 337 [3d Dept 1999] [internal quotation marks and citation omitted]; see Maines Paper & Food Serv., Inc. v Boulevard Burgers Corp., 52 AD3d at 1151; State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d at 1071-1072). Thus, Supreme Court properly concluded that personal jurisdiction had been acquired over defendant and that vacatur was not warranted on that basis.
Defendant's remaining arguments, to the dubious extent that any of them are properly before us, are meritless.
Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The intercepted refunds were $182 in 2015, $531 in 2018 and $167 in 2019.